## UNITED STATES *v.* MULLANEY.

*(Circuit Court, E. D. Missouri, E. D.* September 20, 1887.)

WITNESS—CROSS-EXAMINATION OF ACCUSED—HANDWRITING—ELECTION FRAUD.
   A party prosecuted in a United States district court for violating the election
   law, by writing names improperly on the registration book, who on the trial
   testifies, in his own behalf, that he did not write the names unlawfully writ-
   ten, may be compelled, on his cross-examination, to write the same names on
   a paper in the presence of the jury, and such paper may be offered in evidence
   on rebuttal, and the jury permitted to compare it with the writing in the reg-
   istration book, as this is a legitimate method of cross-examination, and the
   witness is not thereby compelled to furnish testimony against himself.[1]

On Writ of Error to District Court.
*Thos. P. Bashaw,* Dist. Atty., for the United States.
*Chester H. Krum,* for defendant.

BREWER, J., (*orally.*) This is a writ of error from the district court.
A single question only has been presented and argued. That question
is this: The defendant was charged with a violation of the election law.
The government charged that he wrote certain names improperly on the
registration book, and offered testimony tending to establish that fact.
When it rested, defendant himself went on the witness stand, and was
asked the single question whether he wrote those names in that book.
He answered that he did not. The government, on cross-examination,
called upon him to take a pen and write in the presence of the jury those
names. To that he objected. The court overruled the objection, and
he wrote the names, and, when he had finished his defense, the govern-
ment, in rebuttal, offered the names thus written by him. The writing
was admitted in evidence, and the jury were permitted to compare it
with the writing in the registration book. That is the error complained
of,—that the defendant was compelled to furnish testimony against him-
self by thus writing in the presence of the jury, and that the jury were
permitted to compare this writing with that in the registration book.

Counsel have argued the question under two aspects: *First,* they in-
sist that it is not legitimate cross-examination of any witness who has
simply testified that he did not make a writing; and, *second,* that it is
compelling him to furnish testimony against himself in violation of the
constitutional protection.

I think really there is but one question, and that is whether it was
legitimate, in the cross-examination of a witness who gave such direct
testimony as he did, to compel him to so write in the presence of the
jury. For while a defendant in a criminal case cannot be compelled to

---

[1] Respecting the latitude permissible in a cross-examination of a defendant in a crim-
inal prosecution, where he offers himself as witness, see Disque v. State, (N. J.) 8 Atl.
Rep. 281, and note; State v. Saunders, (Or.) 12 Pac. Rep. 441; People v. Sutton, (Cal.)
15 Pac. Rep. 86; State v. Robertson, (S. C.) 1 S. E. Rep. 443; Tickell v. Railway Co.,
(Mo.) 2 S. W. Rep. 407; State v. Brooks, (Mo.) 5 S. W. Rep. 257; State v. Johnson,
(Iowa,) 34 N. W. Rep. 177.

give testimony against himself, while he may not be put upon the stand against his will, yet if he avails himself of the privilege, and goes onto the witness stand, and testifies in his own behalf, he subjects himself to the ordinary rules of cross-examination, and, if this was legitimate cross-examination, then he cannot be heard to say that by it he furnished testimony against himself. He may be impeached in any way that any other witness can be. Of course, cross-examination is, in the federal courts, limited to the matter of the direct examination, and cannot extend beyond the facts and circumstances which are a part of or connected directly with the subject-matter of the direct testimony. The question will perhaps resolve itself into two forms or two phases.

The first, is the writing of the same names on an independent piece of paper, a matter directly connected with the subject of the direct testimony. I think there can be little doubt on that point. Of course, it would not be doubted but that questions could be asked as to whether the witness was present at the time of the writing, whether he could or could not write, and other kindred matters, because all that is connected directly with the question whether he did or did not make the writing upon the book. I suppose it matters not whether the case is one in which the testimony is sought to show that he did or did not make the writing. Supposing, in any civil case, a witness testifies that he did make a particular writing, would not it be germane to that matter to show that he could not write at all; to give him a pen, and have him show before the jury that he either could not write at all, or that his writing was so completely variant from that in question that it was utterly impossible that he could have written it? Surely, the two matters are connected as closely as two things can be; and it would be conclusive against the testimony of any witness that he had written a certain writing, if it appeared from his own demonstration before the jury that he could not write at all, or that his handwriting was completely variant from that in question.

Then the other phase is whether you can compel a witness on cross-examination to do other than answer questions. This was a physical act which he was called upon to do in the presence of the jury. It is a matter of common experience in a court-room that witnesses are often called upon either for some exposure of their person, or to do some physical act supporting or contradicting their direct testimony. A chemist who has stated that a certain test discloses the presence of poison may be called upon to repeat that test in the presence of the jury, that they may see whether the testimony is true, and the test accurate. A person who testifies as to his physical condition may be compelled, there being no improper exposure of person, to uncover his body, that the jury may see whether there be such a physical condition as he has testified to. The witness may say, for instance, that he never was wounded in the arm, and on cross-examination it would be competent to compel him to lift up his sleeve, that the jury may see whether or no there was a scar or mark of wound on his arm. In some recent cases, although the matter has been questioned, courts have required plaintiffs in personal dam-

age cases to submit themselves to an examination of the witnesses of the defendant outside of the court-room, in order that their testimony might be given to the jury as to the physical condition; so the fact that the witness is called upon to do some physical act, or to make some exposure of his person, which supports or contradicts his direct testimony, is not necessarily objection to its validity.

Taking this question in either one of the two phases, as to whether the matter was connected with the subject-matter of the direct testimony, or whether in the act,—the physical act which he was called upon to do,—there was any invasion of his rights, I am clearly of the opinion there was no error in the ruling of the district court, and that the testimony was legitimate cross-examination. The judgment of the district court will be affirmed.