[No. 20629. In Bank. — June 11, 1890.]

THE PEOPLE, RESPONDENT, v. CHARLES McLEAN, APPELLANT.

CRIMINAL LAW — ACCOMPLICE — CORROBORATING EVIDENCE. — The testimony necessary to corroborate that of an accomplice need not be strong; it is sufficient if it, of itself, tends to connect the defendant with the commission of the offense, though if it stood alone it would be entitled to but little weight. — Instance.

PRACTICE — EVIDENCE — RECEPTION OF EVIDENCE UPON THE FAITH OF STATEMENT BY COUNSEL. — If a reputable counsel assures the court that he will subsequently show the relevancy of evidence, the court may temporarily refuse to strike it out.

ID. — STRIKING OUT — NECESSITY OF REQUEST FOR CAUTION TO JURY. — If in such case the counsel fails to show that the evidence is relevant, and the court strikes it out, it is not error to fail to caution the jury in regard to it. If the opposing counsel desired such a caution, he should have asked for it.

CHARGING THE JURY AS TO FACTS — REMARKS IN RULING ON EVIDENCE. — A statement to counsel of the reasons for a ruling on evidence is not addressed to the jury; and if such statement is called for by the offer of counsel, and contains no reflection upon the defendant, it is not improper, although the court states certain facts which in its opinion the evidence tended to show.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion.

*T. H. Laine,* for Appellant.

*Attorney-General Johnson, D. W. Burchard,* and *Charles L. Witten,* for Respondent.

HAYNE, C.—The defendant was convicted of arson in the second degree, and appeals from the judgment, and from an order denying a new trial.

1. It is contended that there was not sufficient evidence to support the verdict. There was, however, the direct evidence of a person who says that he set fire to the house by the direction of the defendant, and in his presence. It is urged, however, that this was the testimony of an accomplice, and that there was no sufficient corroboration. (See Pen. Code, sec. 1111.) There is no doubt that the cabin was destroyed by fire, and no probable natural cause of the fire was shown by the evidence. The question is, whether the defendant had a guilty connection with it. The circumstances to corroborate the accomplice upon this question are as follows:—

In the first place, there was a difficulty between the defendant and the owner of the cabin concerning the land upon which it stood. This land was public land, and each party claimed to have taken such proceedings as entitled him to it. Some angry interviews took place between them; and on one occasion the defendant was quite roughly handled by one of the workmen of the owner of the cabin. In the next place, the defendant made contradictory statements concerning his whereabouts on the night of the fire. And finally, there is evidence tending to show that he took measures to get the accomplice to leave that part of the country, and wrote to his mother to "keep Bill out of the way for awhile, till the trouble blows over," although the letter did not state what the trouble was.

These circumstances constitute, in our opinion, evi-

dence tending to show the defendant's guilty connection with the burning of the cabin, which is the material point requiring corroboration.   The evidence is not strong.   But although more is required by way of corroboration than to raise a mere suspicion (see *People* v. *Thompson*, 50 Cal. 480), yet the corroborating evidence is sufficient if it, of itself, tends to connect the defendant with the commission of the offense, although it is slight, and entitled, when standing by itself, to but little consideration.   (*People* v. *Melvane,* 39 Cal. 616; *People* v. *Clough*, 73 Cal. 351.)

Judge Spencer, in his opinion on the motion for new trial, gave a careful analysis of the evidence, and declared that he was "entirely satisfied with the verdict," and we do not think that it can be disturbed upon the ground mentioned.

2. During the trial, the defendant moved to strike out certain evidence.   The court denied the motion upon the statement of the district attorney that he would show its relevancy by other evidence, but gave the defendant leave to renew his motion at a subsequent stage of the trial.   The district attorney failed to introduce the other evidence, and the defendant renewed his motion, which was granted.   It is argued that the court ought to have granted the motion in the first instance, and that when the evidence was finally stricken out, a caution concerning it should have been given to the jury.   But it is usual and quite proper for a court to accept the statement of a reputable counsel as to what he will show, and upon the faith of such statement to temporarily refuse to strike out evidence that has been introduced, or to admit evidence offered.   And if the defendant had desired any caution to be given to the jury, he should have asked for it.   The failure of a court to charge on any point usually proceeds from inadvertence, and the law casts upon the parties the duty of calling the judge's attention to the matter by a formal

request for an instruction in relation to it. (*People* v. *Haun,* 44 Cal. 96; *People* v. *Rodundo,* 44 Cal. 541; *People Ah Wee,* 48 Cal. 237; *People* v. *Collins,* 48 Cal. 277; *Chamberlin* v. *Vance,* 51 Cal. 84; *Williams* v. *Hartford Ins. Co.,* 54 Cal. 449; 35 Am. Rep. 77.)

3. At the close of the case for the prosecution, the defendant moved for a discharge, upon the ground that the evidence was not sufficient to go to the jury. In ruling upon this motion, the court stated certain facts which, in its opinion, the evidence tended to prove. And it is objected that this was a violation of the provision that the court shall not charge a jury with respect to matters of fact. But the language complained of was not addressed to the jury, or intended for their guidance. It was merely a statement to counsel of the reasons or grounds of the ruling. And it contained no reflection upon the defendant or anything which was not called for by the motion made by him. Under these circumstances we think that there was no error. (*Reed* v. *Clark,* 47 Cal. 200.)

We therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Rehearing denied.