[Crim. No. 133.   Second Appellate District.—November 5, 1909.]

THE PEOPLE, Respondent, v. T. J. GARWOOD, Appellant.

CRIMINAL LAW—ROBBERY—TESTIMONY OF ACCOMPLICE—SUFFICIENT COR-
ROBORATION.—Where a robbery charged was committed at a store on the corner of Temple and Olive streets, in Los Angeles, and two others were jointly indicted with defendant for the same offense, and one of them as an acknowledged accomplice testified that defendant performed the office of a lookout on Temple street while they approached the store on Olive street, and when all appeared safe the defendant was to signal them, whereupon they entered the store and robbed it, and the three shared equally in the booty, the testimony of the accomplice was sufficiently corroborated by two witnesses, who crossed Temple and Olive streets fifteen minutes before the robbery and saw defendant on Temple street about one hundred feet from the store, and saw the other two defendants approaching the corner on Olive street, and saw the defendant looking toward them and the store.

ID.—TESTIMONY TENDING TO CONNECT DEFENDANT WITH CRIME—COR-
ROBORATION OF EVERY DETAIL NOT REQUIRED.—It was not necessary that the corroboration of the accomplice should extend to every detail covered by his testimony, but it is sufficient that the corroboration of his testimony as to the position of the defendant, as that of a lookout, and as to his conduct in observing the store and the approach of his codefendants thereto, tended of itself to connect de-

fendant with the commission of the offense, although it is slight in degree, and entitled, when standing by itself, to but little consideration.

ID.—RELUCTANCE OF ACCOMPLICE TO TESTIFY—IMPROPER ANSWERS—CHANGE OF DISPOSITION—REPETITION OF QUESTIONS PROPERLY ALLOWED.—Where the accomplice was at first reluctant to testify and gave evasive and erroneous answers to questions, and subsequently changed his disposition and testified readily to further questions, the court was justified in allowing a repetition of the questions improperly answered.

ID.—HARMLESS RULING UPON EVIDENCE—NERVOUS APPEARANCE OF CODEFENDANTS.—Conceding that the testimony of a witness who saw the codefendants approaching the store that they appeared nervous, as if they feared somebody might watch them, was inadmissible, and that the court erred in refusing to strike it out, yet, since the evidence had no relation to the defendant, his rights could not have been prejudiced by the ruling.

ID.—RUNNING TIME OF STREET-CARS—STATEMENT NOT HEARSAY.—The testimony by the foreman of a street-car line that its running time of Temple street cars was the same at the time of the commission of the offense as it was at the time of the trial was not hearsay evidence, but of a fact within the personal knowledge of the witness, the time schedule not being offered in evidence.

ID.—VERDICT OF JURY NOT APPEALABLE—APPEAL DISREGARDED.—The verdict of the jury in a criminal case is not the subject of an appeal under the Penal Code, and an appeal taken therefrom must be disregarded.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Willis & Robinson, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was convicted of the crime of robbery and appeals from the judgment and an order of the court denying his motion for a new trial.

Appellant's chief contention is that the record discloses no evidence tending to connect him with the commission of the crime, other than that of an acknowledged accomplice by the

name of Pfeifer, who, with defendant and one Gavin, had been jointly charged with the offense. The person robbed conducted a store at the corner of Temple and Olive streets, in the city of Los Angeles. The evidence of the accomplice Pfeifer was to the effect that he, Gavin and defendant, for the purpose of committing the robbery, repaired to the vicinity of this store on the evening of December 23, 1908; that in going to the store they walked north on Olive street to Temple street, at which point and a few feet south of Temple street he and Gavin stopped, while defendant, in accordance with the prearranged plan, walked a short distance east on Temple street, but in view of Pfeifer and Gavin, to whom he waved his hat as a signal to them to proceed, and, after receiving such signal, they did enter the store and robbed the proprietor thereof; that after committing the offense the three met in a room and divided the proceeds of the crime. The robbery occurred about 8:45 P. M. Under section 1111, Penal Code, this evidence of Pfeifer is insufficient to justify the conviction of defendant, unless it is corroborated "by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." In our judgment, there is ample evidence to satisfy the statute in this regard. Two witnesses called by the people testified that about 8:30 o'clock on the evening of the robbery, while walking east on Temple street, they passed the store where the crime was committed, at which time they saw the defendant sitting upon a curb in front of a yard about one hundred feet east of Olive street; that about one hundred feet from where defendant was sitting they saw two men standing on Olive street, near Temple, toward whom and the store defendant was looking, and which two men they afterward recognized as Gavin and Pfeifer. The active part in the robbery taken by defendant, according to the testimony of the accomplice, was that of a "lookout," and the independent evidence tends strongly to corroborate Pfeifer's statement in this respect. The fact that the corroboration does not extend to every detail covered by the statement of the accomplice is unimportant. It is not necessary that it should. (*People* v. *Kunz,* 73 Cal. 315, [14 Pac. 836] ; *People* v. *Cloonan,* 50 Cal. 499.) Neither does the rule require that the degree of such evidence be strong; indeed,

"the corroborating evidence is sufficient if it of itself tends to connect the defendant with the commission of the offense, although it is slight and entitled, when standing by itself, to but little consideration." (*People* v. *McLean,* 84 Cal. 482, [24 Pac. 32].)

Counsel for appellant contends that the court erred in overruling defendant's objections to a number of questions which he claims assumed facts not in evidence and contradictory of the evidence theretofore given by the witness. Appellant does not specify the questions, other than to designate the folios of the transcript. Reference to the designated folios in some cases discloses no question asked of any witness; in others, no question to which the objection urged is applicable. The reluctance of Pfeifer to testify at all when first called as a witness and his subsequent change of disposition in this respect justified the court in permitting a repetition of questions to which the witness had admittedly given erroneous or evasive answers. We find no error in such rulings.

In reply to a question as to what Pfeifer and Gavin appeared to be doing when seen standing at the corner of Temple and Olive streets, the witness answered: "Why, they appeared nervous as if they were looking out, or as if they were being watched, or might be watched." Defendant moved to strike out this answer, which motion was denied. Conceding the ruling to have been error, nevertheless, such evidence having no reference to the defendant, his rights could not have been prejudiced thereby.

Appellant next contends that the court erred in permitting the prosecution to show, by a witness who was not present when the cars were operated, the running schedule of cars on Temple street on December 23, 1908, and refers to transcript folios 511 to 519 as disclosing such error. Reference to the specified folios discloses that the only evidence included therein was that of a foreman of the street-car line, who testified that the running time on Temple street was the same on the evening of December 23, 1908, as it was at the time of the trial. This was not hearsay, as contended by appellant, but a statement of fact made, so far as the evidence shows, upon the personal knowledge of the witness. The time schedule was not offered in evidence.

The verdict of the jury is not the subject of an appeal (Pen. Code, sec. 1237), and the purported appeal therefrom must be disregarded.

The judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1910.