[Crim. No. 397. Second Appellate District.—July 28, 1915.]

THE PEOPLE, Respondent, v. AH LEO, Appellant.

CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—CONFLICTING EVIDENCE—RULE.—In this prosecution for the infamous crime against nature, there being a conflict of testimony as to the guilt of the defendant, the sufficiency of the evidence cannot be reviewed on appeal.

ID.—EVIDENCE—PRIOR SIMILAR OFFENSES.—In such a case evidence that, prior to the day fixed in the information upon which it is alleged

that the crime had been committed, the defendant had had similar relations with the complainant as those included within the charge upon which he was being tried, was admissible as corroborative of the main charge and as tending to show the disposition of the accused and his proneness to commit the crime of the particular nature involved.

APPEAL from a judgment of the Superior Court of Kings County.   J. A. Allen, Judge presiding.

The facts are stated in the opinion of the court.

Rowen Irwin, and Louis B. Diavila, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was convicted of having committed the infamous crime against nature and was sentenced to serve a long term of imprisonment in the penitentiary.   He appeals from the judgment.

The defendant not only denied having committed the offense with the complainant, but denied that he knew or was acquainted with the complainant at all.   As to such matters the issue presented by the conflict of testimony was one which the jury was called upon to decide, and no review as to the sufficiency of the evidence under such condition of the record can be had here.

After defendant had testified that he had no acquaintance with the complainant, the complainant was recalled and against the objection of appellant was allowed to testify that prior to the day fixed in the information upon which it was alleged the crime had been committed, appellant had had similar relations with the complainant as those included within the charge.   It is urged that any testimony tending to show that appellant had committed similar or distinct offenses was inadmissible and that appellant was prejudiced by the court's ruling in his right to a fair trial.   Under the general rule it may be conceded that such proof would be properly subject to objection made.   However, in cases involving sex relations the courts have always recognized the right of the prosecution to introduce such proof as corroborative of the main charge.   The decision in the case of *People* v. *Koller,* 142 Cal. 621, [76 Pac.

500], presents very fully the reasons for the exception in the rule of evidence and cites the authorities and text-writers in support thereof. The attorney-general has also called attention to the case of *People* v. *Swift,* decided by the supreme court of Michigan, 172 Mich. 473, [138 N. W. 662,] where similar evidence was introduced under a charge of precisely the same nature as that here considered. Authorities which hold that proof cannot be made of similar offenses committed with persons other than the complainant are hardly in point. It is proper to add that the trial judge in this case went even further than the law required him to go in restricting the purpose for which he allowed the evidence as to the acts committed by appellant on previous occasions with the complainant. Upon the objection being made to this testimony, the judge said: "Well, I will state to the jury that this evidence is not admitted for the purpose of the jury using any of the testimony to show that the defendant had committed those acts other than the one charged; it isn't admitted for the purpose of the jury using that testimony to establish the guilt of the defendant, but it is admitted for the jury to determine whether or not the defendant knew this boy at or prior to the time of the act charged; the jury will consider it only for that purpose; . . . " The purpose for which such testimony in cases of this class is allowed is of a broader nature. The testimony is admitted as corroborative of the main charge and as tending to show the disposition of the accused and his proneness to commit the crime of the particular nature involved. In this case the court considered the testimony only admissible for the purpose of strengthening the proof given by the complainant which went to the identity of the person who had indulged in the vicious relation with him. The contentions for error are without merit.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.