[Crim. No. 322.   Third Appellate District.—November 4, 1915.]

THE PEOPLE, Respondent, v. FRED BOSE, Appellant.

CRIMINAL LAW—LEWD AND LASCIVIOUS CONDUCT WITH MINOR CHILD—FACTS FOR JURY TO DETERMINE.—In a prosecution for the crime of lewd and lascivious conduct with a minor child, where the prosecutrix testified positively to facts constituting the offense, it was for the jury to determine whether she was telling the truth; and where it cannot be said that her story was inherently improbable, no question of law is presented as to the sufficiency of the evidence to support the verdict on appeal.

ID.—EVIDENCE—PRIOR ACTS—EXHIBITION OF PHOTOGRAPH OF NAKED WOMAN.—There was no error in admitting evidence that prior to the alleged commission of the offense charged the defendant had exhibited to the prosecutrix a photograph of a naked woman.

ID.—ARGUMENT OF DISTRICT ATTORNEY—WHEN NOT PREJUDICIAL.—It was not prejudicial error for the district attorney while addressing the jury to call the defendant "the dirty old scoundrel," especially where the jury was advised by the judge to disregard the word "scoundrel."

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

Walsh & Henry, R. P. Talbot, and Elliott & Atkinson, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The conviction was for the crime of lewd and lascivious conduct with a minor child and the appeal is from the judgment and the order denying a motion for a new trial.

1. The prosecutrix testified positively to facts constituting the offense and it was for the jury to determine whether she was telling the truth. We cannot say that her story is inherently improbable and no question of law is presented as to the sufficiency of the evidence to support the verdict. (*People* v. *Kuches,* 120 Cal. 569, [52 Pac. 1002] ; *People* v. *Emerson,* 130 Cal. 563, [62 Pac. 1069] ; *People* v. *Moore,* 155 Cal. 241, [100 Pac. 688].)

2. Appellant complains of the action of the court in admitting evidence that prior to the alleged commission of the offense charged in the information he had exhibited to the prosecutrix a photograph of a naked woman. The fact is that the only objection made to the question was that no time or place was fixed. That objection was met, however, by a subsequent question and answer. But the evidence was admissible under various decisions of the appellate courts of this state. (*People* v. *Scott,* 24 Cal. App. 440, [141 Pac. 945] ; *People* v. *Ah Leo,* 28 Cal. App. 164, [151 Pac. 748].) In the latter case it is said by the second district court of appeal: "The testimony is admissible as corroborative of the main charge and as tending to show the disposition of the accused and his proneness to commit the crime of the particular nature involved."

3. The only other point made relates to the declared misconduct of the district attorney while addressing the jury, in calling the defendant "the dirty old scoundrel." We cannot say that the expression was in very good form. It is better, of course, to avoid such manner of speech but no prejudicial error was committed thereby. Besides, the jury were advised by the trial judge to disregard the word "scoundrel." In *People* v. *Glaze,* 139 Cal. 159, [72 Pac. 965] the defendant was denounced by the district attorney as "the foul fiend from hell." The characterization was certainly as strong as in the case at bar and the language of the supreme court, with the proper charge as to the nature of the offense, may be applied here: "The evidence tended to show that he was guilty. If he was guilty he certainly deserved the denunciation complained of. A defendant on trial for murder is not entitled

as of right to be spoken of as if he were an innocent man in an argument by the officer who is endeavoring to show that the evidence proves him guilty.''

We discover no reason for reversing the cause and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1916. (See *Burke* v. *Maze,* 10 Cal. App. 206, 211, [101 Pac. 438, 440].)