[Crim. No. 927. Second Appellate District, Division One.—March 7, 1923.]

# THE PEOPLE, Respondent, v. WILLIAM KLOPFER, Appellant.

[1] CRIMINAL LAW—FORGERY—LARCENY OF CHECK—EVIDENCE.—In a prosecution for forgery, evidence showing the larceny of a check written by the complaining witness (whose name defendant is charged with subsequently forging to the checks in controversy), payable to "cash," but by him doubled up and thrown into his fireplace because it was blurred, coupled with evidence showing defendant's familiarity with and his access to such check and the check-book of the complaining witness, and that defendant subsequently presented such check in payment for a suit of clothes, is admissible for the purpose of showing system, or motive, or guilty knowledge. (On petition for hearing in supreme court, approval withheld.)

[2] ID.—OTHER OFFENSES—EVIDENCE.—While it is a general rule of evidence that on the trial of a person accused of crime evidence of another and distinct offense is not admissible, where the evidence tending to prove such independent offense also tends to prove a fact material to the commission of the offense charged, such evidence is admissible, and the fact that such evidence may appear to prejudice the defendant with the jury is no ground for its exclusion.

[3] ID.—LOSS OF MONEY BY WITNESS—ACCUSATION AGAINST DEFENDANT—EVIDENCE.—It having been brought out on the cross-examination of a witness for the prosecution that he lost a certain sum of money, and that considerable feeling existed between the witness and defendant, it was not error to permit the prosecution to show, on redirect examination, over defendant's objection, that the witness suspected the defendant of taking the money at the time.

[4] ID.—REVERSAL OF RULING ON EVIDENCE—PREJUDICIAL ERROR.—Where the trial court sustains the prosecution's objection to the admission in evidence of a given letter, but later decides that the letter is competent, but counsel for defendant inadvertently overlooks the opportunity to again offer it in evidence, defendant cannot predicate error upon the fact that the court first refused to admit it.

---

1. Check as subject of larceny, notes, 18 **Ann. Cas.** 138; 42 **L. R. A.** (**N. S.**) 498.

2. Evidence of other crimes in prosecution for forgery, notes, 8 **Ann. Cas.** 459; 18 **Ann. Cas.** 442; **Ann. Cas.** 1915D, 164; 3 **A. L. R.** 1558; 43 **L. R. A.** (**N. S.**) 754.

[5] ID.—CONSPIRACY — CORPUS DELICTI — EVIDENCE. — When the facts from which the conspiracy is to be inferred are so intimately blended with the other facts going to make up the crime which is charged, it is not error to first receive evidence of the acts and declarations of a conspirator, before the conspiracy is shown.

[6] ID.—CORROBORATION — CODE REQUIREMENTS — EVIDENCE.—In order to meet the requirements of section 1111 of the Penal Code regarding the corroboration of an accomplice, it is not necessary that the evidence received be of a very strong nature, although more is required by way of corroboration than to raise a mere suspicion, and if the evidence, however slight, tends in and of itself to connect the accused with the commission of the offense, it is sufficient; and in this prosecution for forgery the requirements of that section were sufficiently met.

[7] ID.—CORROBORATION—INSTRUCTIONS.—In a prosecution for forgery, reversible error may not be predicated upon the refusal of the trial court to instruct the jury that "corroborative evidence is additional evidence of a different character, to the same point" where the jury is instructed that the testimony of a witness "is said to be corroborated when it is shown to correspond with the representation of some other witness, or to comport with some facts otherwise known or established by evidence."

[8] ID.—SUFFICIENCY OF CORROBORATION—INSTRUCTIONS.—In this prosecution for forgery, the court having in other instructions plainly told the jury what was a sufficient corroboration, it was not error to give an instruction that a "conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence tending to connect the defendant with the commission of the offense. Such corroborative evidence need not tend to establish the precise facts testified to by the accomplice. It is sufficient if such corroborative evidence standing alone tends to connect the defendant with the commission of the crime charged," omitting therefrom the following words, as found in section 1111 of the Penal Code: "and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof"; and the corroboration in this case was so full and complete that neither the omission of that phrase from the instruction as given, nor the refusal by the court to include the same in instructions offered by defendant, could be said to have worked any substantial injury to defendant.

[9] ID.—HANDWRITING OF DEFENDANT—COURT ORDER—MISCONDUCT.— In this prosecution for forgery, defendant having been requested to write the name of the prosecuting witness, for the purpose of using the handwriting of defendant as an exemplar, the trial court was not guilty of misconduct in directing defendant to write the name again "and write it faster."

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

George D. Higgins for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was found guilty on each of two counts of an information charging him with having committed the crime of forgery. He appeals from an order denying his motion for a new trial and also from the judgment.

[1] Appellant's first specification of error is that the trial court erred in admitting evidence, over the objection of defendant, of the commission by defendant of a separate and distinct offense not charged in the information nor directly connected with the charges therein, to wit, the crime of larceny of a $50 check from the fireplace or grate in the home of Frank O. Helmig on the ninth day of December, 1921. The two forgeries of which defendant was found guilty were respectively shown to have been committed on the twentieth and twenty-first days of December, 1921. Frank O. Helmig was the complaining witness in the case on trial, and it was alleged in the information that it was the name of Frank O. Helmig which was forged to the two checks. The particular evidence admitted by the court, and to which counsel objected, is to the effect that, on December 9th, Mr. Helmig executed and indorsed with his own signature a check for the sum of $50, payable to "cash"; that because it was somewhat blurred he doubled it up and threw it into the fireplace; that defendant was a frequent visitor at Mr. Helmig's home and had access to the desk in which Mr. Helmig kept his check-book; that such check-book was an ordinary business man's check-book with each check numbered in a series and Mr. Helmig's name printed thereon; that defendant was without funds and pressed for money; that on or about the twelfth day of January the check which Mr. Helmig had thrown into the fireplace was returned to him by his bank, cashed. The testimony fur-

ther showed that this particular check, after having been indorsed by Vernon T. Ashcraft, had been presented by defendant to one Jacobson as payment for a suit of clothes. Such evidence directly connected defendant with the crime of forgery of the two checks as charged in the information by at least showing his familiarity with the checks and the check-book and the signature of Mr. Helmig and his opportunity to copy and to forge his signature. It also showed system, or motive, or guilty knowledge on the part of defendant. **[2]** That such testimony may have tended to show that larceny was also committed by defendant is no cause for complaint upon the part of defendant, for, while it is a general rule of evidence that on the trial of a person accused of crime evidence of another and distinct offense is not admissible, it is also the rule that where the evidence tending to prove such independent offense also tends to prove a fact material to the commission of the offense charged, such evidence is admissible, and the fact that such evidence may appear to prejudice the defendant with the jury is no ground for its exclusion. It is said in the case of *People* v. *Sanders,* 114 Cal. 230 [46 Pac. 157] : "If the evidence of another crime is necessary or pertinent to the proof of the one charged, the law will not thwart justice by excluding that evidence, simply because it involves the commission of another crime." And the same principle of law is announced in the following cases: *People* v. *Argentos,* 156 Cal. 725 [106 Pac. 65] ; *People* v. *Cook,* 148 Cal. 341 [83 Pac. 43] ; *People* v. *Ebanks,* 117 Cal. 663 [40 L. R. A. 269, 49 Pac. 1049] ; *People* v. *Walters,* 98 Cal. 141 [32 Pac. 864] ; *People* v. *McPherson,* 6 Cal. App. 270 [91 Pac. 1098] ; *People* v. *Rowland,* 12 Cal. App. 19 [106 Pac. 428] ; *People* v. *Mack,* 14 Cal. App. 16 [110 Pac. 967] ; *People* v. *Tomalty,* 14 Cal. App. 234 [111 Pac. 513] ; *People* v. *Kizer,* 22 Cal. App. 15 [133 Pac. 516, 521, 134 Pac. 346]. That the particular evidence to which objection is made was also admissible for the purpose of showing system, or motive, or guilty knowledge, is too well settled to require the citation of authorities.

If for no other reason than that the answer was not entirely responsive to the question and because it was stricken out by order of the court, defendant was not injured by the following question and answer: "Q. Who else lived there with Mr. Klopter? A. A lady known to me as his wife."

[3] Concerning the specification of error that the trial court erred in overruling the objection of defendant to a question propounded to the witness Ashcraft with reference to the alleged theft by the defendant of the sum of $210 from said witness Ashcraft, which question and answer were as follows: "Q. Did you suspect Mr. Klopfer of taking the money at that time? A. Yes, sir,"—it is sufficient to say that, in view of the fact that the question to which objection was made arose on redirect examination regarding a matter brought out on cross-examination, that is to say, the loss by the witness of the sum of $210, and that considerable feeling existed between the witness and defendant for the reason that the witness had accused defendant of taking it, the question was not improper, as it tended to throw some light on the possible bias or prejudice of the witness as to defendant.

[4] Counsel for appellant specifies as error the refusal by the court to admit a certain letter in evidence, but it appears that the court later decided that the letter was competent—at a time, so counsel says, "when the letter was not under consideration and in the hurry and stress of the trial counsel for defendant inadvertently overlooked the opportunity to again offer it in evidence." Counsel having had the opportunity to put the letter in evidence, is in no position to predicate error upon the fact that the court first refused to admit it. Any inadvertence on his part cannot be properly charged to the judge of the trial court.

[5] Appellant next complains that the court erred in overruling the objection of defendant to the testimony of the witness Ashcraft, in advance of the *corpus delicti* being proven, of conversations concerning an alleged conspiracy before the conspiracy was shown. The *corpus delicti* was proved by this particular witness; and aside from the general rule that the order of proof is within the discretion of the trial judge, when the facts from which the conspiracy is to be inferred are so intimately blended with the other facts going to make up the crime which is charged, it is not error to first receive evidence of the acts and declarations of a conspirator. (*People* v. *Fehrenbach,* 102 Cal. 397 [36 Pac. 678]; *People* v. *Daniels,* 105 Cal. 262 [38 Pac. 720]; *People* v. *Van Horn,* 119 Cal. 330 [51 Pac. 538]; *People* v. *Comp-*

*ton,* 123 Cal. 408 [56 Pac. 44]; *People* v. *Donnolly,* 143 Cal. 398 [77 Pac. 177].)

[6] Appellant has urged that the court erred in denying defendant's motion for a new trial upon the grounds that the evidence was insufficient to justify the verdict; that the verdict is contrary to the evidence, and that the verdict is contrary to law—the point being that there is no evidence which corroborated the testimony of the accomplice; but in this regard it should be remembered that the evidence, in addition to that adduced by the accomplice, showed many other things—access, opportunity, corroboration of the means employed in and the object of cashing the $50 check; the defendant's financial condition; the disappearance of the $50 check from the fireplace of Mr. Helmig and its reappearance, together with the other forged checks, among Helmig's cashed checks; the motive; the use by defendant of Ashcraft, the accomplice, in the first instance, and later the use by defendant of Jacobson, an outsider, to further the scheme; the physical condition of the $50 check itself, with reference to its being crumpled, etc., as exhibited to the jury; the disappearance of all these checks at about the same time, that is, during defendant's visit or visits at the home of Helmig; that these checks were all similar in blank form—supporting the inference that defendant, having been shown to have had one of them, may have had all of them in his possession; together with the additional fact that exemplars of defendant's handwriting were admitted in evidence for the purpose of comparing them with the signatures and the indorsements on the forged checks. Considering all of these facts, which were corroborative of the testimony of the accomplice, the evidence was certainly sufficient to justify the verdict, which was neither contrary to the evidence nor contrary to the law.

In order to meet the requirements of Penal Code, section 1111, regarding the corroboration of an accomplice, it is not necessary that the evidence received be of a very strong nature. Although more is required by way of corroboration than to raise a mere suspicion (*People* v. *Thompson,* 50 Cal. 480), if the evidence, however slight, tends in and of itself to connect the accused with the commission of the offense, it is sufficient. (*People* v. *McLean,* 84 Cal. 482 [24 Pac. 32]; *People* v. *Barker,* 114 Cal. 620 [46 Pac. 601];

*People* v. *Robbins,* 171 Cal. 479 [154 Pac. 317]; *People* v.
*Garwood,* 11 Cal. App. 665 [106 Pac. 113]; *People* v. *Martin,* 19 Cal. App. 295 [125 Pac. 919]; *People* v. *Flood,* 41
Cal. App. 377 [182 Pac. 766].)

[7]   The next four specifications of error relate either to
the refusal of the court to give, or to the giving by the court
of, certain instructions.   The first one to which attention is
directed is that the court erred in refusing to give the following instruction requested by the defendant: "You are
instructed that corroborative evidence is additional evidence
of a different character, to the same point."   The principle
of law contained in the refused instruction was sufficiently
covered by another instruction given by the court as follows: "The testimony of a witness is said to be corroborated
when it is shown to correspond with the representation of
some other witness, or to comport with some facts otherwise
known or established by evidence."   Hence the defendant
has no cause to complain in that connection.

[8]   Another matter of which appellant complains is
that the court erred in instructing the jury as follows: "A
conviction cannot be had on the testimony of an accomplice,
unless he is corroborated by other evidence tending to connect the defendant with the commission of the offense.
Such corroborative evidence need not tend to establish the
precise facts testified to by the accomplice.   It is sufficient
if such corroborative evidence standing alone tends to connect the defendant with the commission of the crime
charged."   Exception is taken to that instruction because
there is omitted therefrom the following words, as found in
section 1111 of the Penal Code: "and the corroboration is not
sufficient if it merely shows the commission of the offense
or the circumstances thereof."   An instruction containing,
among other things, the exact words as herein quoted was
also refused by the court.   The jury *was* plainly told what
was a sufficient corroboration; also that the offered evidence
need not tend to establish the precise facts testified to by the
accomplice.   If the evidence offered in corroboration of the
testimony given by the accomplice merely showed that an
offense was committed or the circumstances thereof, but did
not tend to connect defendant therewith, it is plain that
such "corroboration" would not be sufficient.   But an examination of the corroborative evidence as herein outlined

will show that so many of the different pieces of evidence submitted to the jury for its consideration in connection with the corroboration of the testimony of the accomplice were entirely independent of, and so thoroughly separated from, any testimony given by the accomplice—all of which tended to connect defendant with the commission of the offense—that neither the omission of the phrase to which reference has been made from the instruction as given nor the refusal by the court to include the same in instructions offered by defendant can be said to have worked any substantial injury to him.

The third complaint with reference to the instructions is that the court erred in charging the jury as follows: "The testimony of a witness is said to be corroborated when it is shown to correspond with the representation of some other witness, or to comport with some facts otherwise known or established by evidence." Counsel argues that the instruction was not proper because the jury may have understood that it applied to the testimony of an accomplice. But elsewhere the jury was appropriately instructed concerning both the testimony of an accomplice and the necessary corroboration of such testimony; besides the attacked instruction did aptly apply to the testimony given by other witnesses in the case; and even assuming that the instruction in question immediately followed an instruction affecting an accomplice, such fact does not furnish ground for criticism for the reason, if for no other, that the instructions are not to be taken singly, but must be considered as a whole. It would be going a long way to hold that the failure of a judge to arrange a set of multitudinous instructions in logical order would be good ground for the reversal of the case.

The last specification of error regarding instructions is to the effect that the court erred in refusing to give each of the instructions requested by the defendant, and particularly the instruction with reference to the presumption of innocence. No argument is presented by appellant; neither is there any citation of authority. It suffices to say that an examination of the record herein discloses the fact that the jury was fully instructed on all issues in the case, and that the jury was especially instructed with reference to the presumption of innocence of defendant.

[9] Appellant also urges misconduct of the court as a reason why a new trial should be granted. He specifies that during the cross-examination of defendant as a witness, when, for the purpose of using the handwriting of defendant as an exemplar, he was requested to write the name of Frank O. Helmig, the court said to defendant: "Now write it again and write it faster." Such act on the part of the court did not constitute misconduct; and while it does not appear that the court suspected the defendant of anything wrong in connection with his handwriting, it may safely be presumed that such was the case, and if there was any doubt in the mind of the judge as to any attempt on the part of the witness to disguise his handwriting it was the duty of the court to see that his natural and genuine handwriting was submitted to the jury.

Misconduct by the deputy district attorney is also suggested in that he brought out irrelevant matters concerning the defendant's living with a woman not his wife, and, in his closing argument, accusing defendant of stealing the $50 check from the fireplace or grate of Frank O. Helmig; but both those matters have heretofore been the subject of attention herein and it at least satisfactorily appears that, so far as the deputy district attorney was concerned, there was nothing which deserved criticism.

No prejudicial error appearing, it is ordered that the order denying the motion for a new trial and the judgment herein be, and the same are, affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1923, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this case, we withhold approval of that portion of the opinion to the effect that evidence of the theft of the $50 check was admissible to show system or motive or guilty knowledge on the part of the defendant.

The application for a hearing in this court after decision in the district court of appeal of the second appellate district, division one, is denied.

Wilbur, C. J., Lawlor, J., Lennon, J., Waste, J., Seawell, J., Myers, J., and Richards, J., *pro tem.,* concurred.