[Crim. No. 1279.   Second Appellate District, Division One.—February 19, 1926.]

## THE PEOPLE, Respondent, v. CHRIS JENSEN, Appellant.

[1] CRIMINAL LAW — INFAMOUS CRIME AGAINST NATURE — ASSAULT— ATTEMPT—LESSER OFFENSE.—The crime of assault with intent to commit the infamous crime against nature is a higher offense than, and includes, an attempt to commit the said crime; and a defendant may properly be convicted of said lesser offense, even though he is charged with and acquitted of said higher offense.

[2] ID.—ACCOMPLICE—EVIDENCE—CORROBORATION.—In a prosecution for assault with intent to commit the infamous crime against nature. where the defendant testifies that he neither assaulted the complaining witness, as alleged in the information, nor made any attempt to commit the crime, and the complaining witness testifies to the commission of the act by defendant, but steadfastly maintains that the alleged assault was committed against his will and without his consent, and the jury believes the testimony of said complaining witness, the question of corroboration is not available to defendant.

[3] ID.—CORROBORATION—EVIDENCE.—In this prosecution for assault with intent to commit the infamous crime against nature, conceding that defendant was entitled to raise the question of corroboration of the testimony of the complaining witness, the testimony given by the two arresting officers was sufficient to completely cover defendant's objection.

[4] ID.—EVIDENCE—OBSCENE PICTURES.—In such prosecution, the trial court did not err in admitting in evidence, over defendant's ob-

———

1.   See 23 Cal. Jur. 398.
2.   See 23 Cal. Jur. 402.

o

jection, certain obscene pictures or photographs which were found in the vest of defendant at the time of his arrest.

[5] ID.—MISCONDUCT OF DISTRICT ATTORNEY—IMPROPER QUESTIONS—INSTRUCTIONS.—In this prosecution for assault with intent to commit the infamous crime against nature, the district attorney was guilty of misconduct in asking questions of witnesses as to the general reputation of defendant for chastity and morality in the community in which he resided, where the question of the reputation of defendant had not been put directly in issue, and in asking one of the witnesses, also the defendant, whether some time before the offense for which defendant was on trial was committed defendant had not put his mouth on the private parts of the witness who was being interrogated; but defendant was in no position to complain of such misconduct, where no assignment of misconduct was made by defendant, and the court was not requested by defendant to admonish or instruct the jury with reference thereto, and the entire matter was covered by a general instruction of the court to the jury.

---

(1) 36 Cyc., p. 507, n. 55 New.   (2) 36 Cyc., p. 505, n. 43.   (3) 36 Cyc., p. 505, n. 43.   (4) 16 C. J., p. 618, n. 16; 36 Cyc., p. 505, n. 37.   (5) 16 C. J., p. 581, n. 15, p. 586, n. 98, p. 611, n. 55, p. 892, n. 99, p. 915, n. 40, p. 917, n. 67; 17 C. J., p. 180, n. 18, p. 299, n. 31.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Carlos S. Hardy, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Oscar E. Houston and Perky, McConnell & Hill for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

HOUSER, J.—Defendant was charged with the crime of assault with intent to commit the infamous crime against nature.   The jury returned a verdict by which defendant was found guilty of the lesser offense of an attempt to commit the said crime.   He appeals from the judgment and the order denying his motion for a new trial.

5.   See 8 Cal. Jur. 54,

[1]   The first point, as suggested by appellant, is that because an attempt to commit the offense with which defendant was charged might be less than the crime of an assault with intent to commit it (*People* v. *Akens,* 25 Cal. App. 373 [143 Pac. 975]), the verdict of guilty of an attempt would be tantamount to an acquittal of an assault; and, inversely, that defendant having been acquitted of an assault, the verdict necessarily carried with it an implied acquittal of an attempt.

It is clear that an attempt might be made to commit a crime of the nature of that involved in the charge made against defendant without going so far as actually to commit an assault upon the intended victim. Of the two offenses, manifestly the attempt is the lesser and is necessarily contained within the greater offense of an assault with intent to commit it.

The principle for which appellant argues is ruled adversely to his contention in the case of *People* v. *Dong Pok Yip,* 164 Cal. 143 [127 Pac. 1031], wherein, as here, the defendant was charged with the crime of assault with intent to commit the infamous crime against nature, but was convicted of simple assault. In that case, among other things, the court said:

"Where the evidence clearly would support a verdict for a higher offense, the conviction of a lesser crime necessarily included therein will not be set aside. (*People* v. *Muhlner,* 115 Cal. 306 [47 Pac. 128].)   The only acquittal in this case was of the major crime charged, but this, as the attorney-general says in his brief, did not 'include an acquittal of an intent to take indecent liberties or to practice other lewd and lascivious acts or to commit any other unlawful act such as may constitute an assault.' We conclude, therefore, that the conviction of simple assault must be sustained under the evidence in this case."

In another case (*People* v. *Oates,* 142 Cal. 12 [75 Pac. 337], where the defendant was likewise accused by the information as was the defendant in the case at bar, and where the defendant was likewise convicted of an attempt to commit the crime charged, the court was called upon to consider a specification of error that the defendant had been prejudicially affected by an instruction to the jury to the effect that one who attempted to commit a crime but who either

failed in its execution or who was prevented from, or intercepted in, the perpetration thereof, was, nevertheless, punishable for making the attempt. The court said:

"It is contended that sections 663 and 664 of the Penal Code 'apply exclusively to prosecutions for attempts to commit crime, and not for the crime itself,' and that the court erred in instructing the jury that 'a person who attempts to commit a crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable for said attempt.' The instruction is in the language of the code (sec. 664) and the case falls within one of the classes of offenses mentioned therein,—namely, an offense punishable by imprisonment in the state prison. The instruction was not error. . . .

"The instructions asked by defendant and refused were based upon the erroneous assumption that defendant could not be convicted of an attempt to commit the crime charged."

It is next urged by appellant that the victim of defendant's alleged assault being an accomplice, no conviction could be had on the testimony of such accomplice unless he was corroborated by other evidence which tended to connect the defendant with the commission of the offense, and that corroboration which merely showed the commission of the offense or the circumstances thereof would be insufficient. (Sec. 1111, Pen. Code.)

[2] Defendant testified that he neither assaulted the complaining witness, as alleged in the information, nor made any attempt to commit the crime of which he was accused. The complaining witness testified to the commission of the act by the defendant, but steadfastly maintained that the alleged assault was committed against his will and without his consent. If the jury believed the testimony of the complaining witness (and the verdict would indicate that such was the case), the question of corroboration is not available to the appellant. (*People* v. *Howell*, 69 Cal. App. 239 [230 Pac. 991].) [3] But even if it might be conceded that the appellant is entitled to raise the question, the testimony given by the two arresting officers was such that it was sufficient to completely cover appellant's objection. Each of the officers testified to finding the defendant and the prosecuting witness on a dark street, in the defendant's automobile, with its lights turned off, the only buildings in the vicinity being two warehouses. One of the officers testified that when he

76 Cal. App.—36

flashed his light in the defendant's car the defendant was in his shirt sleeves, and just getting into the driver's seat; his trousers were "unbuttoned up the front all the way, . . . ; he was trying to hold them together with one hand," but that his private parts were exposed to view. Each of the officers testified that at the same time the prosecuting witness was lying on the floor of the tonneau of the automobile, with his overalls and underclothing off, which were also lying on the floor of the automobile. Each of the officers also testified to the finding of several obscene photographs in the pocket of a vest belonging to the defendant. In addition thereto, the statement made by the prosecuting witness in the presence of the defendant, and which statement was not denied by defendant, in so many words was a charge that defendant had committed the offense of which he was accused.

As is laid down in the case of *People* v. *Klopfer,* 61 Cal. App. 291, 296 [214 Pac. 878, 881]: "If the (corroborative) evidence, however slight, tends in and of itself to connect the accused with the commission of the offense, it is sufficient." And see *People* v. *McLean,* 84 Cal. 482 [24 Pac. 32]; *People* v. *Barker,* 114 Cal. 620 [46 Pac. 601]; *People* v. *Robbins,* 171 Cal. 479 [154 Pac. 317]; *People* v. *Garwood,* 11 Cal. App. 665 [106 Pac. 113]; *People* v. *Martin,* 19 Cal. App. 295 [125 Pac. 919]; *People* v. *Flood,* 41 Cal. App. 377 [182 Pac. 766]; *People* v. *Taylor,* 70 Cal. App. 239 [232 Pac. 998].

In the case of *People* v. *Dong Pok Yip,* 164 Cal. 142 [127 Pac. 1031], heretofore cited, the intended victim testified "that the defendant did not attempt to do anything to him." The total evidence against the defendant in that case was not stronger than the so-called corroboration of the prosecuting witness in the instant case, and yet the verdict of conviction and the judgment thereon were upheld by the supreme court. In the circumstances here presented, it would follow that appellant's contention cannot be sustained.

[4] Appellant specifies as error the admission in evidence, over defendant's objection, of certain obscene pictures or photographs which were found in the vest of the defendant at the time of his arrest. Some evidence was also introduced to the effect that, while defendant did not personally show the photographs to the prosecuting witness, defendant had

shown them to ''the other boys and the other boys passed them around'' so that at least with defendant's implied consent the prosecuting witness saw them. The authorities do not sustain appellant in his contention.

In the case of *People* v. *Bose,* 28 Cal. App. 743 [153 Pac. 965], defendant was convicted of the crime of lewd and lascivious conduct with a minor child. On appeal error was predicated on the action of the trial court in admitting in evidence testimony to the effect that prior to the commission of the offense the defendant had exhibited to the child a photograph of a naked woman. In ruling upon the question of the alleged error, the appellate court said: ''But the evidence was admissible under various decisions of the appellate courts of this state. (*People* v. *Scott,* 24 Cal. App. 440 [141 Pac. 945]; *People* v. *Ah Leo,* 28 Cal. App. 164 [151 Pac. 748].) In the latter case it is said by the second district court of appeal: 'The testimony is admissible as corroborative of the main charge and as tending to show the disposition of the accused and his proneness to commit the crime of the particular nature involved.' ''

[5] Misconduct by the deputy district attorney in charge of the prosecution is specified by appellant as a reason why the judgment against defendant should be reversed and a new trial granted.

An examination of the transcript of the proceedings had on the trial of the action discloses that the alleged misconduct consisted in part in asking questions of witnesses as to the general reputation of defendant for chastity and morality in the community in which he resided. It also appears that at no time had the reputation of defendant been put directly in issue. The remaining specification of misconduct on the part of the deputy district attorney consisted in his asking one of the witnesses, also the defendant, whether some time before the offense for which defendant was on trial was committed defendant had not put his mouth on the private parts of the witness who was being interrogated.

As to each of the questions relating to the general reputation of defendant for chastity and morality and the question asked of the witness to whom reference had just been had, the court sustained defendant's objection. To the particular question asked defendant, no objection was made. No assignment of misconduct of the deputy district attorney was

made by the defendant, except as to one question asked one of the witnesses regarding defendant's general reputation for chastity and morality; nor was the court ever requested by the defendant to admonish or instruct the jury with reference thereto. The jury, however, was instructed that "if any evidence has been admitted and afterwards stricken out, you must disregard the matter so stricken out, entirely, and if any counsel has intimated by questions which the court has not permitted to be answered, that certain things are, or are not, true, you must disregard such questions and refrain from any inferences based upon them."

In the case of *People* v. *Fodera,* 33 Cal. App. 8 [164 Pac. 22], misconduct of the district attorney was one of the grounds relied upon by the appellant for a reversal of the judgment. The alleged misconduct was similar to that heretofore described herein. In effect it was ruled that, although error had been committed by the district attorney in asking one of the character witnesses for the defendant whether he knew of certain arrests of defendant for unlawful speeding of his automobile and his pleas of guilty thereto, also of other witnesses whether they had heard that the defendant was under investigation by the police for the selling of several stolen automobiles, also of another witness whether he had ever heard discussed that defendant had been a visitor at the home of a person who had been arrested as a member of the Black Hand Society—in view of the fact that there had been no assignment by defendant as to misconduct of the district attorney in asking the several questions, no request for admonition or instruction to the jury to disregard any insinuation which might be contained in any of the questions, and the further fact that the entire matter was adequately covered by a general instruction of the court to the jury—the defendant had not been prejudicially injured.

In the case at bar it is plain that the deputy district attorney was guilty of misconduct in asking each of the questions to which reference has been had; but taking into consideration the facts as heretofore set forth herein in connection therewith, it is equally clear that, judged by the authorities heretofore cited herein, defendant is in no position to complain.

The judgment and the order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 17, 1926.