[Crim. No. 1682.   Third Appellate District.—June 23, 1939.]

THE PEOPLE, Respondent, v. RALPH GONZALES, Appellant.

George E. Foote for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was convicted on three counts of an information charging him with violations of section 288 of the Penal Code.

The appellant contends the evidence fails to sustain the verdicts and judgment of conviction of the several counts for the reason that the testimony of the prosecutrix is inherently improbable.

█ There is no merit in the appeal. We have read the entire record. There is an abundance of evidence to sustain the verdicts and judgment. The prosecutrix was an intelligent girl eleven years of age. Her mother died in 1936, leaving her without a home. She was thereupon placed in the custody of the Catholic Welfare Bureau, and entrusted to the care of Mr. and Mrs. Gonzales in Sacramento, at the expense of the county. She looked upon them as her foster parents and called the defendant "father". The evidence clearly shows that the defendant took advantage of his dominion and authority over the child and surreptitiously planned to gain her submissive acquiescence to his immoral desires. She told a very clear story of his lascivious conduct which extended over a period of several months, culminating in statutory rape. He warned her not to tell of his conduct, threatening that if she did so she "would be put away" in an orphanage, which she greatly feared. She submitted to his advances for about six months and then, having developed an infection on account of his treatment, she told her foster mother of the criminal assaults, who promptly instigated an investigation. The girl's story is straightforward and convincing, in spite of some inaccuracies which may be reasonably reconciled. Doctor George E. Chappell, an experienced physician and a member of the medical staff of the Sacramento County Hospital, made a careful examination of the child and corroborated her story in some essential respects.

The case at bar is in no way parallel with the facts disclosed in *People* v. *Harden*, 24 Cal. App. 522 [141 Pac. 1075], and several other cases relied upon by the appellant. In the case last cited the child was but six years of age and apparently she was mentally incapable of comprehending and relating facts accurately. She had evidently been coached by her mother to testify to certain damaging evidence. She admitted that her mother told her what to testify to at the

trial. In the case of *People* v. *Hamilton*, 46 Cal. 540, upon which the appellant also relies, the child was under ten years of age, and failed for more than two years to disclose the criminal conduct of the accused person. The court said that her evidence was inherently improbable. No such situation exists in the present case. In this case the evidence does not appear to be inherently improbable. In fact, it seems to be reasonable and true. In a rigid cross-examination the prosecutrix consistently adhered to her story in all material circumstances. It is corroborated in some respects by the testimony of the physician. It does not appear that any person had coached her with respect to her testimony.

The case of *People* v. *Bose*, 28 Cal. App. 743 [153 Pac. 965], which is cited by the appellant, does not sustain his contention. In that case the judgment was affirmed, and the Supreme Court denied a hearing. The court there said:

''The prosecutrix testified positively to facts constituting the offense and it was for the jury to determine whether she was telling the truth. We cannot say that her story is inherently improbable.''

While it is true that judgments of conviction under section 288 of the Penal Code have been reversed, where the uncorroborated story of an infant child is so inherently improbable as to appear on its face to be false and that it is procured by the coaching of an incensed parent and that it is the result of passion and prejudice on the part of jurors (16 Cal. Jur. 14, sec. 11), it is not necessary that the evidence of the prosecutrix shall be corroborated by other testimony, and the weight and sufficiency of the evidence to support the verdict are ordinarily exclusively matters for the determination of the jury. (*People* v. *Raich*, 26 Cal. App. 286 [146 Pac. 907].) Many cases supporting convictions of the offense which is here involved are cited in 7 California Jurisprudence Ten-Year Supplement, page 563 (Supp. to 16 Cal. Jur., sec. 11), some of which are based on facts far less convincing than the evidence of the present case.

The judgment and the order are affirmed.

Pullen, P. J., and Tuttle, J., concurred.