THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIA SANTIAGO, Defendant and Appellant.

Nos. Cr-62-168, Cr-62-169.   Decided October 22, 1962.

*Héctor Lugo Bougal* and *Julio Fernández Cabrera* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

Antonia Santiago was charged with two violations of § 4 of the *Bolita* Act.   She was charged with having had in

her possession on two different dates (the first time on June 17, 1960 and the second time on June 22, 1960) a *bolita* number. Both cases were jointly heard on June 13, 1961. The evidence offered by The People consisted in the oral testimony of the undercover agent Ramón Pabón Chévere, and in two pieces of paper on which, according to the evidence, defendant copied the number of the *bolita* which she sold to said agent on two different occasions. Defendant's evidence consisted in the testimony of the merchant Pablo Sánchez Rodríguez, which dealt with defendant's good reputation and the oral testimony of defendant herself, which was limited to denying the facts testified by the witness for The People.

The trial court declared defendant guilty in both cases imposing in each one a sentence of 6 months in jail to be served concurrently. On appeal defendant assigns as the only error the court's declaring her guilty by "chiefly employing for its judgment evidence of very scarce probative value."

■ In our judgment that error was not committed. The testimony of the only witness presented by The People sufficiently and directly proved the commission of both violations of the *Bolita* Act. As appellant states the evidence taken as a whole was conflicting, but the conflict was decided against her and was sufficiently supported by the evidence.

■ Appellant calls our attention to the incident in which the presiding judge asked defendant to write certain numbers, and to the statements of the judge to the effect that the numbers written by her in the course of the trial were identical to those which appeared in the papers introduced as evidence. This incident took place while defendant occupied the witness stand and had become a witness like any other. The trial was not held before the jury. We do not see how this prejudiced appellant, considering the circum-

stances of this case. See 2 WHARTON, Criminal Evidence, § 586, p. 466; § 660, pp. 566 and 567 (12th ed.). See, also, *United States* v. *Mullaney*, 32 Fed. 370; *People* v. *Klopfer*, 214 Pac. 878; *Mann* v. *State*, 30 So.2d 462; *Hardy* v. *United States*, 199 F.2d 704; *Golemon* v. *State*, 247 S.W.2d 119, *cert. denied* 344 U. S. 847; *rehearing denied* 344 U.S. 882.

The judgments appealed from will be affirmed.