EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIA SANTIAGO, acusada y apelante.

*Números:* CR–62–168, CR–62–169    *Resueltos:* 22 de octubre de 1962

*Héctor Lugo Bougal* y *Julio Fernández Cabrera,* abogados de la apelante; *J. B. Fernández Badillo, Procurador General* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: Antonia Santiago fue acusada por dos infracciones a la sección 4 de la Ley de la Bolita. Se le acusó de haber tenido en su posesión en dos fechas distintas (el 17

de junio de 1960 la primera vez, y el 22 de junio de 1960 la segunda vez), un número de la Bolita. Ambos casos fueron vistos conjuntamente el 13 de junio de 1961. La prueba del Pueblo consistió en el testimonio oral del agente encubierto Ramón Pabón Chévere y en dos papeles en donde se anotó, según la prueba, en las distintas fechas el número de la Bolita que fue vendido a dicho agente por la acusada. La prueba de ésta consistió en la declaración del comerciante Pablo Sánchez Rodríguez, que versó sobre la buena reputación de la acusada y el testimonio verbal de la propia acusada, que se limitó a negar los hechos declarados por el testigo del Pueblo.

El tribunal de instancia declaró culpable a la acusada en ambos casos imponiéndole en cada uno una sentencia de seis meses de cárcel a ser cumplidas concurrentemente. En apelación la acusada señala como único error el haberle declarado culpable el tribunal "utilizando principalmente para su dictamen evidencia de muy escaso valor probatorio." ■

A nuestro juicio no se cometió tal error. La declaración del único testigo presentado por El Pueblo probó suficientemente, en forma directa, la comisión de ambas infracciones a la Ley de la Bolita. Resultó conflictiva la prueba considerada en conjunto, como dice la apelante, pero el conflicto fue resuelto en su contra y con suficiente base en la prueba. ■

Nos llama la atención la apelante al incidente en que el juez que presidía el tribunal pidió a la acusada que escribiera ciertos números, y a las manifestaciones del juez de que los números escritos por ella en el acto del juicio eran idénticos a los que aparecían en los papeles admitidos en evidencia. Este incidente tuvo lugar mientras la acusada ocupaba la silla de los testigos y se había convertido en un testigo como cualquier otro. El caso no fue celebrado ante el jurado. No encontramos que en ello sufrió la apelante perjuicio alguno, consideradas las circunstancias de este caso. Véanse 2 Wharton's *Criminal Evidence*, Sec. 586, pág. 466; Sec. 660, págs. 566 y 567 (12th ed.). Véanse, además, *U. S.* v.

258

*Mullaney,* 32 F. 370, *People* v. *Klopfer,* 214 P. 878; *Mann* v. *State,* 30 So. 2d 462; *Hardy* v. *U. S.,* 199 F.2d 704; *Golemon* v. *State,* 247 S.W.2d 119, cert. den. 344 U. S. 847; reh. den. 344 U. S. 882.

*Se confirmarán las sentencias apeladas.*