[Crim. No. 1298. First Appellate District, Division One.—October 14, 1926.]

THE PEOPLE, Respondent, v. WILLIAM L. RHINE-HART, Appellant.

[1] CRIMINAL LAW—ROBBERY—CONSPIRACY—EVIDENCE—ACCOMPLICE —CORROBORATION.—In this prosecution for robbery and conspiracy to commit robbery, it is held that the testimony established an overt act in which defendant and one of his codefendants were actors, tended to establish the fact of a conspiracy between these parties to commit the robbery, and was sufficient, under section 1111 of the Penal Code, to corroborate the testimony of said codefendant, who was an accomplice.

[2] ID.—OVERT ACTS—INSTRUCTIONS — CONSPIRACY — NONPREJUDICIAL ERROR.—In such prosecution, an instruction that "in a case where an overt act is necessary to constitute the offense" conviction

———

1. See 5 Cal. Jur. 515.

could not be had unless one or more overt acts were alleged and proved, though erroneous, cannot reasonably be said to have been prejudicial, or that the jury was misled thereby, where the jury was instructed that before they might convict they must find that the overt act was committed in pursuance of the conspiracy.

(1) 12 **C. J.**, p. 638, n. 80; 16 **C. J.**, p. 712, n. 30.   (2) 16 **C. J.**, p. 1049, n. 82, p. 1050, n. 84, p. 1053, n. 93; 17 **C. J.**, p. 347, n. 77.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

CASHIN, J.—Appellant Rhinehart, with three others, namely, Haughey, Robinson, and Gleason, was charged by indictment with the crime of conspiracy to commit a series of robberies, and in separate counts with the commission of five offenses of robbery. Appellant and Haughey were found guilty of the conspiracy charged, but as to the remaining charges against the former the jury disagreed. Appellant's motion for a new trial was denied, from which order and from the judgment he appeals.

Appellant contends that the evidence was insufficient to support the verdict and that the trial court erred in its instructions to the jury.

Two of the persons jointly charged with appellant and who were not tried, namely, Gleason and Robinson, were called as witnesses for the prosecution, and it is urged that they, according to their testimony, being accomplices, were not corroborated as provided by section 1111 of the Penal Code.

[1] The count on which appellant was convicted charged a conspiracy to commit the offenses alleged in the remaining counts of the indictment, and, according to the testimony of the witnesses mentioned, they, with appellant and the fourth defendant, planned and carried out the series of robberies therein charged. Several witnesses testified to a series of robberies, but were unable to identify the appellant

as one of their assailants, with the exception of the witness Harry Snyder, one of the persons whom appellant was charged with having conspired with his codefendants to rob, who identified both appellant and Robinson as the persons who on the date alleged in the indictment robbed the witness of a sum of money and other personal property. This testimony established an overt act in which appellant and Robinson were actors, tended to establish the fact of a conspiracy between these parties to commit the robbery (12 Cor. Jur., Conspiracy, sec. 229, and cases cited; *People* v. *Bentley*, 75 Cal. 407 [17 Pac. 436]), and was sufficient to corroborate the testimony of Robinson (*People* v. *McLean*, 84 Cal. 480 [24 Pac. 32]; *People* v. *Taylor*, 70 Cal. App. 239 [232 Pac. 998]; *People* v. *Blunkall*, 31 Cal. App. 778 [161 Pac. 997]).

[2] The instruction of which appellant complains was as follows: "Upon a trial for conspiracy, in a case where an overt act is necessary to constitute the offense, the defendants cannot be convicted unless one or more overt acts are expressly alleged in the indictment, nor unless one of the acts alleged is proved. You are instructed that the crime of conspiracy need not be proved by direct evidence, but may be proved by circumstantial evidence."

It is conceded by the prosecution that this instruction by including therein the words "in a case where an overt act is necessary to constitute the offense" did not correctly state the law. We do not think, however, that it can reasonably be said that the error was prejudicial, or that the jury were misled thereby, in view of the fact that the jury, with reference to the count on which appellant was convicted, were instructed that before they might convict they must find that the overt act was committed in pursuance of a conspiracy to commit such crime, the instruction being as follows: "Before you can convict a defendant or defendants upon the first count of the indictment you must be satisfied from all the evidence in the case and beyond all reasonable doubt that a crime was committed, that it was committed in pursuance of a conspiracy to commit said crime, and that the defendants whose names are set forth in the indictment, or a portion of them, were members of said conspiracy."

After an examination of the entire record we are satisfied that the evidence fully supports the verdict of the jury, and we find no error therein which in our opinion resulted in a miscarriage of justice. The order and judgment are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied on December 13, 1926.