[Crim. No. 2520. Second Appellate District, Division Two.—October 9, 1934.]

THE PEOPLE, Respondent, v. FRANK C. LANGDON et al., Defendants; JOHN C. THORN, Appellant.

Caryl Warner for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, John Barnes and Alexander H. Van Cott for Respondent.

ARCHBALD, J., *pro tem.*—Defendant Thorn was jointly charged with Frank C. Langdon in an indictment containing forty-seven counts, charging grand theft and other felonies. Thirty of such counts were dismissed before the case was submitted to the jury, which returned verdicts of guilty as to both defendants on count XVIII (grand theft) and not guilty on those remaining. Defendant Thorn has appealed from the judgment of conviction entered on said verdict as well as from the order denying his motion for arrest of judgment and for a new trial.

Appellant was the president and Langdon the secretary of the California Thorn Cordage, Inc., hereinafter referred to as the company, which was engaged in the manufacture of rope, cordage and like materials and in such business purchased and used large quantities of hemp. This was purchased by the company from the importers themselves. At the first, appellant had charge of such buying, but later defendant Langdon was charged with such duty, under the direction, however, of appellant. In June or July of 1928, an arrangement was made under which one Clifford L. Ach, after August 1, 1928, acted as a broker in making such purchases. He was induced by Langdon to so act and was instructed to add to the net price which he paid the importers his agreed commission of two and one-half per cent, and an additional one cent per pound, for which total price he was to bill the company. The company paid or charged such bills, and Ach, after deducting his commissions and on the instructions of Langdon, issued his checks in favor of Mrs. Langdon for the accumulated overcharge. Such checks, the evidence shows, were deposited in bank accounts of Mr. and Mrs. Langdon which, Mrs. Langdon testified, were used for the benefit of appellant, and eventually practically all of the money so paid by Ach reached appellant, who instead of returning it to the company, as the company's money, treated it as his own. It was the last payment so made by Ach, which apparently represented the aggregate of eleven

amounts that had accumulated in his hands to January 16, 1930, and which was paid by check of said Ach, handed to Langdon and deposited January 17, 1930, in an account of the Langdons which, as we have said was appellants' although in the Langdon name, that was the basis of said count XVIII.

Appellant urges that the evidence is insufficient to support the judgment, in that it shows that Ach was an independent contractor who purchased such hemp and sold it to the company; that the money paid for it by the company belonged to Ach and not the company, and in consequence there could be no embezzlement as charged, and that the only way the money could have been stolen from the company by defendants would be by making Ach an accomplice in carrying out the scheme devised by defendants.

It is sufficient to say that there is evidence from which the jury might possibly have arrived at such conclusion. There is also evidence supporting the conclusion that the plan of the overcharge of one cent per pound originated with appellant, and for the purpose of enabling him to borrow more money from the finance company with which he was doing business, and that by "adding the one cent per pound he [Thorn] got what he thought was a reasonable percentage of the value of the hemp". There is also evidence from which the jury might well have concluded that Ach was informed that defendants owned all of the stock of the company and that the refunds eventually reached the hands of appellant, the company's president, and that Ach did not know that appellant did not return them to the company or that he used or intended to use them for his own purposes. Under such conflicting evidence, and evidence from which conflicting conclusions could be drawn, the question of whether or not Ach was an accomplice was one of fact which the court properly left to the jury; and the jury evidently concluded that Ach was not an accomplice and that the actual embezzlement occurred when appellant, having obtained possession of the amounts overcharged, did not return them to the company, but converted them to his own use. In our opinion the evidence supports the judgment. Even assuming that the testimony of Ach was not corroborated, the jury having impliedly found that he was not an accomplice, no corroboration of his testimony was necessary. The conclusion that Ach was not an accomplice being based on conflicting evidence and

evidence from which conflicting conclusions could be drawn, the trial court could not adjudge him an accomplice as a matter of law.

We see no error in failing to include in an instruction given substantially in the language of section 504 of the Penal Code the further statement that the money so embezzled must belong to the corporation, as urged by appellant. Under the testimony of Ach (apparently credited by the jury) the amount of the overcharges remained at all times the money of the company, and was such when the refunds reached the hands of appellant, its president; and when such money was appropriated by appellant to his own use and purposes, the act came squarely within the language of said section.

Nor was there error in refusing the instruction defining embezzlement, offered by appellant, as it amounted to a charge on disputed facts, viz., "that Ach converted the property to his own use", and confines the act of embezzlement to the act of Ach in receiving the company's checks containing the overcharge.

In several instructions the court told the jurors that in order to convict they must "be unanimous in the belief", etc. In reference to said count XVIII they were told that they must "unite" in the belief that acts constituting grand theft were committed before a verdict of guilty could be returned. Appellant urges that in making such charge they were told "that they need not be unanimous in their opinion as to count 18". We see no merit in such contention.

Appellant urges that the offense was barred by the statute of limitations in that the indictment was returned December 14, 1932, and the overcharges constituting the amount of $3,597.99, which was paid by Ach to Langdon by check dated January 16, 1930, and deposited in the Langdon account January 17, 1930, were paid to Ach by the company prior to December 14, 1929. Under the implied finding of the jury the dates of the payments to Ach were immaterial, and no embezzlement of the amount charged in said account took place until after January 16, 1930. The offense was not barred.

Judgment and orders affirmed.

Stephens, P. J., and Desmond, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 7, 1934.