[Crim. No. 2323.   First Dist., Div. One.   Feb. 2, 1945.]

THE PEOPLE, Respondent, v. HORNBACK FEATHER-
STONE, Appellant.

J. Maxwell Peyser for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney and James F. Brennan, Assistant District Attorney, for Respondent.

WARD, J.—Defendant was charged by information with violation of Penal Code section 286. Four prior convictions, three for similar offenses, and one for grand larceny, were also charged. Upon arraignment he admitted the prior convictions, and entered pleas of not guilty and not guilty by reason of insanity. The jury returned verdicts of guilty of "an attempt to violate section 286 of the Penal Code" and "sane at the time of the commission of the offense charged in the information."

The fifteen-year-old complainant met the appellant, a cook, at the latter's place of employment. The complainant had gone there to see a friend, who introduced him to appellant. Also present at the time were two boys employed as dishwashers. During the conversation which ensued appellant asked the complainant several times whether he knew anything about repairing radios, and asked him to help repair one. The complainant agreed to go to appellant's room, equipped as a bedroom, and the two tinkered with the radio for some time, following which, employing as a ruse that he was formerly a doctor in England, appellant persuaded the complainant to allow him to examine his foot, leg and hip. The latter had undergone an operation on one of his feet, and one leg was shorter than the other, as the result of which he walked with a limp. The sordid details of appellant's endeavors thereafter to commit with the complainant acts made punishable by said Penal Code section—all, as the complainant testified, without his consent and against his will—are revolting and not necessary to be set forth in detail. Suffice it to say that the appellant grabbed the complainant by the hips and attempted to commit the offense denounced in the code section, and that the complainant protested, said "don't do that" and "moved way from him." The defendant did not testify and the cross-examination of the complainant seems to have left the boy's story intact.

Appellant contends that a motion for an advised verdict should have been granted; that the evidence is insufficient to sustain the judgment in that there is no corroboration of the complainant's testimony. Objection is also directed to the refusal to give certain instructions, based primarly upon appellant's theory that the complainant was an accomplice and that his testimony should have been corroborated. All of the points raised on appeal may be settled by determining whether in an offense of this character, where the lone witness is not an accomplice, corroboration is necessary.

Unless the testimony of an accomplice is corroborated by such other evidence as shall tend to connect the accused with the commission of the offense, a conviction may not stand. (Pen. Code, § 1111.) Appellant cites a number of decisions wherein this code provision was given application. Among them we find *People* v. *Robbins,* 171 Cal. 466 [154 P. 317]; *People* v. *Reynolds,* 26 Cal.App.2d 219 [79 P.2d 150]; *People* v. *Heath,* 79 Cal.App. 20 [248 P. 1027]. The real question in this case is—was the complainant an accomplice? "An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." (Pen. Code, § 1111.)

The complainant was not under the age of fourteen and therefore, if otherwise mentally competent, was capable of committing the offense. (Pen. Code, § 26, subd. 1.) However, the uncontradicted testimony, which was believed by the jury, shows that he was imposed upon by appellant, not only in the matter of visiting the room but of permitting an examination of his hip. There is no evidence that by act or gesture he encouraged the appellant. On the contrary, the evidence discloses that he objected and refused to take part with the appellant in the performance of an infamous crime against nature. (Pen. Code, § 286.) No definite rule may be laid down as a test in all cases to determine whether the facts constitute an attempt to commit a particular offense, but the evidence herein shows that the acts of the appellant had passed the stage of preparation and that an overt act was performed, namely, an effort to penetrate the complainant's body, which act constituted an attempt to commit the crime made punishable by section 286. (*People* v. *Mayen,* 188 Cal. 237 [205 P. 435; 24 A.L.R. 1383].)

■ Undoubtedly, where the persons participating in an offense of this character do so without compulsion each is an accomplice of the other, and is liable to prosecution as such. (Pen. Code, §31.) In such case there is a common intent to unite in the attempt to commit the offense. (*People* v. *Stratton,* 141 Cal. 604 [75 P. 166]; *People* v. *Langdon,* 1 Cal.App. 2d 287 [36 P.2d 424]; *People* v. *Stoll,* 84 Cal.App. 99 [257 P. 583].)

"When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury touching the law of accomplices, and leave the question whether or not the witness be an accomplice for the decision of the jury as a matter of fact." (*People* v. *Coffey,* 161 Cal. 433, 436 [119 P. 901, 39 L.R.A.N.S. 704].) The court instructed that "An accomplice is . . . one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given" and gave the usual instruction based on Penal Code, section 1111. ■ The evidence accepted by the jury as true demonstrates that the complainant was not an accomplice. (*People* v. *Tenner, ante,* p. 360 [154 P.2d 9].) The trial court could not adjudge him such. (*People* v. *Thorn,* 138 Cal.App. 714 [33 P.2d 5].) If he was not an accomplice, corroboration of his testimony was not necessary. (*People* v. *Langdon, supra.*)

Appellant claims that the court erred in refusing to give certain instructions. Three of such instructions relative to suspicious circumstances and opportunity to commit the crime are covered by given instructions. The three refused are referred to by appellant in his brief merely by number.

■ One of the proposed instructions noted in the brief reads as follows: "The Court hereby instructs you that it is the law that in prosecution for sodomy where the person on whom the crime of sodomy was alleged to have been committed was over the age of 14 years at the time the crime was committed, that he is an accomplice (§§26 and 1111 of the Penal Code) and unless such testimony of the accomplice has been corroborated by independent evidence you must acquit the defendant." This instruction would have entirely taken from the jury the right to determine whether the complainant was an accomplice.

■ In a case where it is not disputed that a witness was an accomplice it may be and in fact has been held that it is

the duty of the court to state that fact positively to the jury (*People* v. *Ferlin,* 203 Cal. 587 [265 P. 230]), but where, as here, the evidence shows that the witness was not an accomplice it certainly may not successfully be claimed that the court should have instructed that he was. (8 Cal.Jur. §390, pp. 349-350; *People* v. *Dillon,* 1 Cal.App.2d 224 [36 P.2d 416]; *People* v. *Wilson,* 54 Cal.App.2d 434 [129 P.2d 149].)

██ Unless the status of the complainant as an accomplice was definitely fixed as a matter of law the giving of the requested instruction would have been an infringement by the court upon the province of the jury to pass upon questions of fact. (*People* v. *Sansome,* 98 Cal. 235 [33 P. 202]; *People* v. *Brown,* 61 Cal.App. 748 [216 P. 58]; *People* v. *Montgomery,* 47 Cal.App.2d 1 [117 P.2d 437].) The rule is concisely stated in 23 Corpus Juris Secundum, Criminal Law, section 1227, pages 787-788: ''Where a witness who testifies for the prosecution is, as a matter of law, an accomplice, the court should so charge. In such case, an instruction defining an accomplice is not necessary.

''Conversely, where, as a matter of law, the witness is not an accomplice, the court does not err in refusing to charge that he is or in refusing to submit such issue to the jury.

''Where it is for the jury to determine whether or not the witness is an accomplice, the court should so charge, and should instruct as to what constitutes an accomplice.'' The instructions in the present case, in view of the facts, were favorable to appellant.

During the oral argument appellant attacked the testimony of an expert witness who appeared on the sanity hearing. The credibility and the weight to be given the testimony of all witnesses are matters in the hands of the jury.

The judgment is affirmed.

Peters P. J., and Knight, J., concurred.