[Crim. No. 2469. First Dist., Div. Two. Dec. 1, 1947.]

THE PEOPLE, Respondent, v. WILLIAM HENRY ROBERTS, Appellant.

Francis Hoey for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General; Francis W. Collins, District Attorney, Douglas M. Quinlan and L. Charles Gay, Deputy District Attorneys, for Respondent.

DOOLING, J.—Appellant was found guilty by a jury of the crimes of incest and assault with intent to commit incest with his daughter Ruby.

It is argued on appeal that the relationship of father and daughter was not proved. The record shows that appellant married Ruby's mother on October 8, 1923, and that Ruby was born on February 23, 1924. Appellant testified that he met Ruby's mother only 30 days before their marriage, that she was then pregnant and that Ruby is not his daughter. There is ample evidence that appellant and Ruby are father and daughter. Her birth in wedlock raises a rebuttable presumption of legitimacy. (Code Civ. Proc., § 1963, subd. 31.) Appellant introduced her to others as his daughter and addressed her by that term. He procured a policy of life insurance with Ruby as beneficiary in which

she was described as daughter. He cooperated with her in securing a birth certificate by court procedure in which he is named as father. After his arrest he stated to police officers when asked if he had had intercourse with Ruby: "That is my own daughter, my own flesh and blood, how could I do a thing like that?"

It is further claimed that Ruby was an accomplice and her testimony was not corroborated. The evidence shows a course of sexual relations between father and daughter extending over a period of months. It further shows threats by appellant that if she did not yield to him he would have her marriage annulled and take her baby from her, and that on one occasion he twisted her arm and on another threatened to kill her with a knife. The court correctly instructed the jury that if Ruby consented to the incestuous intercourse her testimony must be corroborated, but if she was the victim of force or undue influence so that she did not willingly join in the incestuous act corroboration is not necessary. The jury must be presumed to have found that Ruby yielded to appellant under the constraint of his prior threats in which event she would not be an accomplice. (*People* v. *Stratton,* 141 Cal. 604, 609 [75 P. 166] ; *People* v. *Featherstone,* 67 Cal.App.2d 793 [155 P.2d 685].)

Appellant attempted to prove an alibi to the incest charge which was alleged to have occurred on or about February 8, 1945. The complaining witness fixed the date and hour of the offense as February 8, at about midnight. Appellant produced a witness from his place of employment who testified from the records that on February 8, appellant was at work by 11:30 p.m. This presented no more than the ordinary conflict of evidence for resolution by the jury. Furthermore, the witness Mrs. Crandall who was with appellant and Ruby on the night that this offense is claimed to have occurred fixed the time that she left them at 10:45 p.m. while the complaining witness fixed her time of departure at about midnight. Mrs. Crandall's testimony also fixed the day of the week as Tuesday which fell on February 6. The jury may have concluded that the complaining witness was mistaken as to date or hour or both.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.