[Crim. No. 660.   Fourth Dist.   Oct. 29, 1948.]

THE PEOPLE, Respondent, v. JOHN BAILEY WALKER, Appellant.

D. L. Di Vecchio and Charles H. Carter for Appellant.

Fred N. Howser, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was convicted after a trial before a jury of a violation of section 288a of the Penal Code. He appeals from the judgment and from the order denying his motion for new trial.

Kenneth Peel, the prosecuting witness, a boy of the age of 15, lived in Romoland, California, and was a student at the Perris Senior High School. He attended a dance in Riverside on the evening of October 20, 1947, and on his way home stopped at the Bright Spot Café in Perris shortly after midnight. There he met the defendant who asked him where he was going and if he wanted anything. He took a hamburger and a cup of coffee offered by the defendant and talked to Lowell Taylor, a boy who sat beside him in the café. When Kenneth started to leave, defendant said, "Come up and spend the night with me." Kenneth replied, "No, but I will go up and talk with you a little bit." They went to the defendant's room in the Southern Hotel about a block away. The room was on the second floor in back of the stairs. During the 15 minutes they were in the room defendant "felt of" the boy's sexual organs. Kenneth left and returned to the café where he again met Lowell Taylor. Within a few minutes defendant again met the boys and asked them to go up and spend the night with him. The boys said they would not spend the night but would go up and talk with him. The boys went to the hotel bedroom, waited awhile but defendant did not appear and they returned to the café and separated. Defendant again met Kenneth and asked him to go up to the hotel room. Defendant was not in the room when Kenneth arrived and the boy read a magazine until he arrived. They then sat on the bed and over the objection of Kenneth the act of sex perversion took place. The experience was painful to the boy and while it was taking place he pushed defendant away, left the hotel and went to the police station and was from there taken to his home. About two days later the prosecuting witness discovered sores on his penis and a doctor was called to make an examination. The physician testified that he examined the boy on October 22, 1947, and found lacerations and abrasions on the boy's private parts which in his opinion "appeared to be

done not just within the immediate short time, but possibly a day or so.''

The first contention of defendant is that the evidence is not sufficient to support the verdict and that the verdict is contrary to the law and the evidence. This argument is based upon the assumption that the complaining witness, Kenneth Peel, was an accomplice and that there was no corroboration of his testimony sufficient to meet the requirements of section 1111 of the Penal Code.

■ An ''accomplice'' has been defined as including all persons who have been concerned in the commission of an offense, and are liable to prosecution for the identical offense charged against the defendant. One is an accomplice who knowingly, voluntarily and with common intent with the principal offender unites in the commission of the crime. (*People* v. *Shaw,* 17 Cal.2d 778, 799 [112 P.2d 241]·; *People* v. *Lima,* 25 Cal.2d 573, 578 [154 P.2d 698] ; *People* v. *Westek,* 31 Cal.2d 469 [190 P.2d 9].) ■ There is evidence in the record that Kenneth Peel did not go to the hotel room for the purpose defendant invited him; that the act took place over the boy's objection and against his will; that physical force was used by the defendant; that the boy resisted and at the first opportunity fled to the police station. Under such circumstances it cannot be said that the prosecuting witness voluntarily and with common intent with defendant united in the commission of the act. It follows that Kenneth Peel was not an accomplice as a matter of law, where, as here, the facts are not in dispute. (*People* v. *Coffey,* 161 Cal. 433, 436 [119 P. 901, 39 L.R.A.N.S. 704].) ■ The court properly instructed the jury touching the law concerning accomplices and left the question whether or not the prosecuting witness was an accomplice for the decision of the jury as a matter of fact. (*People* v. *Featherstone,* 67 Cal.App.2d 793, 796 [155 P.2d 685].) ■ The determination of the fact by the jury will not be disturbed on appeal and no corroboration of the testimony of the prosecuting witness was necessary. (*People* v. *Featherstone, supra.*) Furthermore, if as contended, corroboration was necessary, the record contains sufficient corroboration to connect defendant with the commission of the crime. ■ Such evidence may be slight and when standing by itself entitled to but little consideration. (*People* v. *McLean,* 84 Cal. 480, 482 [24 P. 32] ; *People* v. *Martin,* 19 Cal.App. 295, 301 [125 P. 919] ; *People* v. *Andrew,* 43 Cal.App.2d 126, 129 [110 P.2d 459].) ■ An accomplice is sufficiently cor-

roborated by proof of defendant's confession or admission tending to connect him with the crime. (*People* v. *White*, 48 Cal.App.2d 90, 94 [119 P.2d 383] ; *People* v. *Derenzo*, 46 Cal. App.2d 411, 415 [115 P.2d 858].) ▮ In addition to the testimony of the doctor as to the injuries suffered by the prosecuting witness, the operator of the Bright Spot Café testified that he saw defendant in his café that night in the company of Kenneth Peel and overheard a conversation between them wherein defendant invited the boy to sit down and have a sandwich ; that defendant ordered a sandwich and cup of coffee for the boy and thereafter invited him to the hotel room; that Lowell Taylor was in the café on the morning in question; that defendant was "in and out" of his café "all evening" and that defendant "wasn't gone much over thirty minutes" at a time. The witness Taylor testified that the first time he saw defendant was in the Bright Spot Café on the night and early morning in question; that thereafter he saw him on the street in front of a feed store and that he had a conversation with him in which defendant told him he could go up and stay in his room and go to bed; that defendant told Peel he could go to the room and defendant would be up later and that he, Taylor, told defendant he would go to the room with Peel until defendant got back. The Chief of Police of Perris testified as to a conversation with defendant in which the witness asked defendant if Peel had stayed in the hotel room with him on Monday night, October 20, and that defendant stated that Peel did stay with him a while. In our opinion this testimony was amply sufficient to furnish the corroboration, if required.

It is next contended that the court erred in not instructing the jury that Kenneth Peel was an accomplice. As heretofore stated that question was one of fact and was properly submitted to the jury. (*People* v. *Featherstone, supra.*)

▮ Defendant argues that the court erred in failing on its own motion to give a cautionary instruction. None was requested by the defendant and while such an instruction should have been given (*People* v. *Putnam*, 20 Cal.2d 885, 888, 889 [129 P.2d 367]), it was said in that case at page 892: "The circumstances of the case must determine whether the failure to instruct the jury constitutes prejudicial error." In *People* v. *Lucas*, 16 Cal.2d 178, 182 [105 P.2d 102, 130 A.L.R. 1485], the court said: "The authorities are legion to the effect that before a judgment may be reversed because of error it must appear from the record that it was prejudicial and caused

substantial injury and that a different result would have been probable if the error had not occurred. (Citing cases.) In other words, a judgment will not be reversed for errors that do not affect the substantial rights of the parties. (Citing cases.) This principle has application to the refusal to give requested and otherwise proper instructions. (Citing cases.)''

In the instant case the instructions found sufficient in the Lucas case, *supra,* were given. The jury was told that it must decide all the facts and determine the credibility of the witnesses; that the case should be weighed and considered without regard to sympathy, passion or prejudice. Proper instructions were given as to the burden of proof, reasonable doubt, the presumption of innocence and the law applicable to accomplices. In view of the clear and convincing corroborative evidence and the instructions of the court we cannot say that prejudicial error resulted from the failure· to give an unrequested instruction, or that the jury would have found otherwise if the instruction had been given.

It is claimed that the district attorney was guilty ·of misconduct prejudicial to the rights of defendant in asking him on cross-examination if he had offered one Robert Voyles $5.00 to accompany him to the hotel room. Defendant denied any such offer and stated he paid Voyles $5.00 to drive him to Los Angeles. The question was not objected to by defendant's counsel and in view of the answer we do not think the question constituted prejudicial error.

Finally, it is argued that the district attorney was guilty of prejudicial misconduct in asking character witnesses for the defendant the following questions: 1. Have you heard a report that the defendant offered a young man $5.00 to accompany him to his hotel room during the early part of the morning? 2. Have you heard a report that the defendant had stated that his old lady has gone down on him and he has gone down on his old lady? The only objection made to such questions by defendant's counsel was to the first question, in that the district attorney should have made it more specific.

In *People* v. *Smith,* 100 Cal.App. 344 [279 P. 1022], where the defendant was charged with a violation of section 288a of the Penal Code, a character witness for the defense was asked by the prosecutor if he had heard of another act of perversion having been committed by the defendant. The court there held that the question was proper unless it appeared from the record that the district attorney was not acting in good faith. In *People* v. *McDaniel,* 59 Cal.App.2d 672, 677 [140 P.2d 88],

the rule stated is that, on cross-examination of character witnesses, they may be asked as to specific reports concerning the trait of character involved, if they have a tendency to establish the bad reputation, although they may not be sufficient for that purpose and that there is a vast 'difference between inquiring about reports, rumors and the like of a character witness and questions as to what the witness knows of defendant. (*People* v. *Houser*, 85 Cal.App.2d 686, 692 [193 P.2d 937].) In the instant case the district attorney did not claim that the rumors were true and there is no showing of bad faith. At the request of defendant the court instructed the jury that such evidence should not be considered by them in determining the guilt or innocence of defendant but that such evidence only went to the weight of the value to be given to such character testimony. Defendant chose to allow the questions and answers to stand, and made no request for an admonition to the jury to disregard them. Under such circumstances here presented there was no prejudicial misconduct sufficient to justify a reversal of the case.

Judgment and order affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied November 16, 1948.