THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* NERI ROSADO TORRES, Defendant and Appellant.

No. 15140. Argued November 5, 1951.—Decided November 14, 1951.

*Ramón Rivera Viñas* for appellant. *Víctor Gutiérrez Franqui, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Neri Rosado Torres was charged with the infamous crime against nature. The case was tried by the court and the government offered the following witnesses.: *Dr. Luis Roberto Perea* who stated that he examined the boy, Víctor Manuel Morales, and found that he had a recent laceration in his anus, which had been undoubtedly caused by the penetration of a foreign body; *Víctor Manuel Morales* who testified that he was fifteen years old and an evening student; that on October 2, 1950, while passing by a store, he met the defendant, whom he did not know, and that the latter asked him whether he wanted to work in a certain house, to which he replied affirmatively; that when he got out of school, Rosado told him "come on" and went with him, the defendant later knocking at a house in order, Rosado told him, to give some money to a man; that after a while, Rosado told him: "Kids like you is what I like," grabbing him by the throat and holding him so tight that the witness could not scream, pinning him down, threatening to stab him and telling him while performing the act involved in the information: "you scoundrel, if you yell, I'll knife you"; and that Rosado told his victim to wait for him there and shortly thereafter the

witness reported the occurrence to the first policeman he found; and *Víctor Sanoguet Feliciano* who stated that about half past seven p. m. of that day he saw the defendant accompanied by the minor Víctor Manuel Morales in front of the school.

After this evidence was heard, the defendant moved for nonsuit on the ground that the testimony of witness Morales, who in his judgment was an accomplice, had not been corroborated. The district attorney objected and after the question was argued at length, he asked the court leave to expand his evidence. In assenting, the trial judge stated that although he deemed that the defense was right in holding that there was not sufficient evidence of corroboration, for which reason nonsuit lay, making use of his discretion he let the district attorney reopen his case. The district attorney then introduced Jaime Torres as a witness. Torres testified that he is an insular policeman and that while he was on duty in Peral Street on October 2, 1950, "this child," whose name he did not recall, came along and told him that when he came out of school a young man offered him a job and accompanied him to the house where he would work; that they went along Peral Street up to the tannery, where the young man grabbed him and made use of him by force.

When the district attorney rested his case once more, the defense filed a new motion for nonsuit which, like the former one, was overruled. The defendant did not present any evidence and the court entered judgment of conviction, sentencing him to imprisonment in the penitentiary for a term from one to ten years, at hard labor.

The defendant claims on appeal, in the first place, that the lower court erred in overruling his motions for nonsuit and in deciding that Jaime Torres' testimony corroborated the accomplice. These errors were not committed. A motion for nonsuit admits the truth of the evidence heard and a scintilla of evidence in support of the information is sufficient to overrule such a motion. *People* v. *Rivas*, 68

P.R.R. 439. There was such evidence in this case. Moreover, as Víctor Manuel Morales was not an accomplice, his testimony needed no corroboration. We say that Morales was not an accomplice because an accomplice is one who wilfully, knowingly, voluntarily and with intent somehow joins in the commission of a crime being, therefore, liable to prosecution for the same offense. *People* v. *Buxó*, 29 P.R.R. 75, 77; *People* v. *Millán*, 35 P.R.R. 817, 825; *People* v. *Collazo*, 38 P.R.R. 891, 894. However, one who participates in the commission of a crime against his will, under threats and for fear of suffering serious bodily harm, is not an accomplice. To that effect § 39 of the Penal Code, insofar as pertinent, provides:

"All persons are capable of committing crimes except those belonging to the following classes:

". . . . . . . . . . . . . . . . . . .

"10. . . . . Persons . . . who committed the act . . . under threats or menaces sufficient to show that they had reasonable cause to, and did believe their lives would be endangered if they refused."

Víctor Manuel Morales neither cooperated nor aided wilfully in the commission of the act. Rather, and according to his testimony, believed by the court, he submitted to defendant's demands because of the latter's threats. It can be easily gathered from his testimony that he had reasonable cause to believe, and did believe, that if he refused, his life was endangered. Having acted under coercion, Morales was not an accomplice and, hence, his testimony needed no corroboration. *People* v. *Tirado*, 69 P.R.R. 361; *People* v. *Featherstone*, 155 P. 2d 685; *People* v. *Coleman*, 127 P. 2d 309; *People* v. *Battilana*, 126 P. 2d 923; *People* v. *Walker*, 198 P. 2d 534; *Robinson* v. *State*, 148 S. W. 2d 1115.

■ Appellant also claims that the trial court erred in reopening the case to permit the district attorney to enlarge his evidence after having rested his case, after the defense had made its first motion for nonsuit and after the court

itself had declared that said motion lay. Leave to reopen a case in order to hear additional evidence after a motion for nonsuit has been submitted, rests in the sound discretion of the trial judge. *People* v. *Hernández*, 30 P.R.R. 20; *People* v. *Méndez*, 30 P.R.R. 113. We do not think that the court *a quo* abused its discretion herein.

■ Finally, appellant avers that the lower court erred in finding him guilty of the crime charged and in sentencing him from one to ten years in the penitentiary at hard labor, showing, moreover, that it was moved by passion, prejudice and partiality. Pursuant to § 278 of the Penal Code, as amended by Act No. 42 of 1943 (Sess. Laws, p. 106), the crime against nature is punishable by imprisonment in the penitentiary for a minimum term of one year and a maximum term of ten years. The sentence imposed was within statutory limits, and we shall not disturb the discretion of the trial court in imposing it inasmuch as there is nothing in the evidence showing an abuse of such discretion. *People* v. *Rivera* 69 P.R.R. 500. Nor do we find the least indication that the lower court acted under the influence of passion, prejudice or partiality.

The judgment appealed from will be affirmed.