[Crim. No. 1051.   Fourth Dist.   Mar. 30, 1956.]

THE PEOPLE, Respondent, v. DAVID JEROME MARTIN, Appellant.

Richard E. Adams and Howard A. Muhleman for Appellant.

Edmund G. Brown, Attorney General, and Joan D. Gross, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of possession of a narcotic in violation of section 11500 of the Health and Safety Code. He was found guilty by a jury and his motion for a new trial and request for probation were denied. Since he was under 21 years of age he was committed to the Youth Authority for the term prescribed by law. He has appealed from the judgment, from the order denying a new trial, and from the order of commitment.

At 1:35 a. m. on June 24, two San Diego police officers in a patrol car were making a routine nightly check of a beach area in La Jolla. They saw an unlighted Chevrolet parked across a short road leading down to the beach, thus blocking access to the beach area. The car was occupied by three persons, one Switzer in the driver's seat, the defendant on the right side of the front seat, and a Miss Gutierrez between them. One of the officers walked up to the car on the driver's side for the purpose of determining why the vehicle was parked in that position. When he turned on his flashlight he saw that the entire front of Switzer's shirt was sprinkled with particles of a green botanical substance which appeared to him to be marijuana. The other officer approached, and also thought it was marijuana. Switzer was placed under arrest and ordered out of the car. Miss Gutierrez also got out of the car on the driver's side. The officer then noticed a brown paper package on the floor of the car between the defendant's bare heels. The officer asked the defendant to hand him the package, which the defendant did. The package contained a considerable quantity of what the officers believed to be marijuana. The defendant said he did not know what it was and did not know it was there, and that he had never used marijuana. He was placed under arrest, and Switzer said this was his stuff. An examination of the car disclosed marijuana debris on both the front and back floor boards, and on the rear floor board there was a burnt marijuana cigarette about ⅜″ in length, and brown "roll your own" cigarette papers. There were numerous burnt matches on the ground on both sides of the vehicle below the front windows. The defendant explained this by saying that his cigarette kept going out and he had to relight it numerous times. Both officers testified to these general facts.

At the scene of the arrest the defendant was just "patted down," in a routine search for weapons. At police headquarters, where he was taken, defendant's clothing was examined and marijuana debris was found in pockets of his

pants and shirt. The substances found in the paper sack and in the defendant's pockets were examined and found to be marijuana. Miss Gutierrez testified that she was picked up by the boys about 10:30 that night; that the defendant and Switzer referred to narcotics after they arrived at the beach; that she had previously talked with the defendant about narcotics, and he had offered to give her narcotics when she wanted some; and that on this occasion the defendant noticed the police officers first and made the remark that the law was there and there was nothing to be done but just sit and wait. She first stated that when she got in the car the defendant had said he thought he saw "grass on the car" and something about getting "busted." Later, she attributed this statement to Switzer and to another occasion. Her written statement made at the police station on June 24 was admitted in evidence. In this statement, among other things, she said that the defendant and Switzer both talked about getting "high on grass"; that the defendant told Switzer when he got in the car that he saw "grass" on the floor and it was enough to get "busted" on; that when the defendant noticed the police car he said "There's the heat and they're watching us"; that most of the defendant's conversation was about narcotics; that on previous occasions he had tried to get her to smoke marijuana and had shown some to her; and that she had seen him with marijuana on at least two previous occasions.

The defendant testified that he did not know there was any marijuana in the car that night; that he did not see the brown paper sack until the officer asked what it was; and that narcotics were never mentioned at any time when they were in the car. Switzer, who had pleaded guilty and who was brought back for the trial, testified for the defendant saying that he had purchased this marijuana a day or two before; that he had placed the paper sack under the right-hand front seat of the car; that they did not smoke any marijuana while at the beach; that he did not tell the defendant that the sack of marijuana was in the car and nobody knew it; that the marijuana the officers saw on his shirt had been there since he rolled a marijuana cigarette early that evening; and that the marijuana butt they found on the floor of the car was put there by him the first night he had this marijuana.

Relying on *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905], the appellant contends that illegally acquired evidence was admitted over his objection. It is argued that the exhibits

containing the marijuana found in the car and in appellant's pockets, which were received in evidence, were illegally acquired as the result of an unlawful search and seizure; that he was arrested without probable cause; that he and his companions were, so far as known to the officers, violating no law when the officers approached; that they were merely sitting in the car and observing the bay; that the officer did not have probable cause to search either the car or its occupants; and that the testimony of the officers that they saw and recognized particles of marijuana upon the shirt of Switzer is inherently improbable.

The officers saw the car parked across the short road leading to the beach and thus blocking access to the beach area. This was a violation of sections 582 and 583 of the Vehicle Code, and under section 585 the officers were justified in looking into the matter. While so doing the officers saw marijuana on the front of Switzer's shirt, and had probable cause to believe that a felony was being then committed. At the same time the officers saw the paper sack between the appellant's bare heels, and the evidence as to the manner in which he was holding his feet around the sack justifies the inference that he was attempting to conceal it. The appellant voluntarily handed the sack to the officer when asked to do so. The marijuana in the appellant's pockets was found when his clothes were searched at the police station, where he was taken. The circumstances disclose a reasonable search and seizure incident to a valid arrest. (*People* v. *Martin,* 46 Cal.2d 106 [293 P.2d 52]; *People* v. *Blodgett,* 46 Cal.2d 114 [293 P.2d 57]; *People* v. *Rios,* 46 Cal.2d 297 [294 P.2d 39].)

It is next contended that the conduct of the trial was prejudicial to the appellant in that the basic rules of evidence and justice were ignored, and that "these errors are so obvious that there is no need to support them with authorities." It is argued that the prosecution attempted to impeach its own witness, Miss Gutierrez; that the court then permitted this witness' written statement to be read into evidence; that some charges were made by the prosecution that this witness had been threatened; and that the appellant was convicted only because of this witness' testimony. It is further argued that the court intervened to question the witness Switzer on an irrelevant matter; that the court erred in refusing to allow the jury to take the exhibits containing the marijuana into the jury room; and that the deputy district

attorney committed prejudicial error in his argument to the jury by making one statement.

The witness Gutierrez attempted to contradict her own previous testimony, and stated facts inconsistent with her written statement. The court allowed certain questions to be asked on the ground of surprise, and the appellant's counsel then asked that her written statement be read to the jury stating: ''I have absolutely no objection to it,'' and this was done. There is no merit to appellant's present contention that prejudice appears because he was forced to allow the written statement to be admitted in evidence in order to convince the jury that nothing was being hidden from it. A reading of the transcript indicates that this witness' testimony was far from being the controlling element in causing the conviction. The only evidence relating to a charge that this witness had been threatened, which is pointed out by appellant, was brought out by counsel for the appellant. The questions which the judge asked of the witness Switzer related to whether he had been told that he had a right to claim a privilege and refuse to testify, and no possible prejudice appears. The matter of the exhibits containing the marijuana was thoroughly gone into during the trial, and no request was made to have the packages opened up in order to show the actual narcotic to the jury. It is now argued that appellant's counsel wanted the jury to see the marijuana itself in order to see that the quantity was small. The purpose was not explained to the court, no request was made at the proper time, and no prejudice appears. No reversible error appears in the remark made by the district attorney in his argument. An objection was made that it was prejudicial and that there was no evidence to sustain it. In reply to the objection the court said ''The jury will follow the evidence received.''

It is next contended that the court erred in not instructing the jury that the witness Gutierrez was an accomplice, and in failing to instruct the jury that the testimony of an accomplice ought to be viewed with distrust. It is argued that this witness testified that she knew there was marijuana in the car, having received such information from Switzer and the appellant; that having knowledge of the drug and having the right to possess it made her guilty of the same offense as that for which the appellant was being tried; and that she was thus an accomplice. While this witness made conflicting statements about conversations relating to nar-

cotics, and about conversations to the effect that narcotics had been in the car at some time, she testified that nothing was said in her presence about the sack of marijuana in the car, that she did not see the sack, and that she did not know there was any marijuana in the car. She sat in the middle and there was no evidence of any fact which would tend to connect her with any possession of marijuana on this occasion. Under established rules, the evidence did not show the necessary possession on her part (*People* v. *Batwin,* 120 Cal.App. 2d 825 [262 P.2d 88] ; *People* v. *Walker,* 88 Cal.App.2d 265 [198 P.2d 534]), and no error appears in the failure to give such instructions.

█ Finally, it is contended that the evidence is insufficient to sustain the verdict, the only argument made being that mere presence at the scene of a crime is not sufficient to justify a finding of guilty, and that the only evidence against the appellant was the fact that he was in a car in which marijuana was found. There is no merit in this contention.

The judgment and orders appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied April 12, 1956.