[Crim. No. 1308. Fourth Dist. May 22, 1957.]

THE PEOPLE, Respondent, v. HERBERT OLENE HURST, Appellant.

Victor B. Walton, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The appellant Hurst and one Paul Rogers were jointly charged with the infamous crime against nature, in violation of section 286 of the Penal Code. The appellant was also charged with a prior conviction in that he had been convicted in Arizona of the crime of unnatural sex acts, a felony, for which he had served a term in prison. The appellant admitted the prior conviction and both defendants pleaded not guilty on the main charge. A jury found each defendant not guilty of the infamous crime against nature, but found each guilty of an attempt to commit that crime, a lesser and included offense. Hurst has appealed from the judgment sentencing him to prison and from an order denying his motion for a new trial.

The incident in question occurred near midnight on August 6, 1956, in a cell in the San Diego City jail then occupied by Hurst and Rogers. The evidence, including the testimony of an eyewitness, was amply sufficient to sustain the verdict and

no contention is made to the contrary. ▮ The appellant first contends that the deputy district attorney was guilty of prejudicial misconduct in his opening statement to the jury, and in connection with the cross-examination of Rogers. It is argued that in his opening statement the district attorney stated that the evidence would show that a trusty in the jail heard one of the defendants say to the other, ''Now, we can have sexual intercourse all night''; that the district attorney was unable to introduce any testimony that such a statement was made; that after a motion to strike the testimony of the trusty in this connection had been made and granted the district attorney persisted in asking the defendant Rogers, on cross-examination, whether he had heard such a statement; that at the time he asked the question the district attorney knew that he had no proof to offer because such proof had been rejected by the court; and that this conduct could only be interpreted as misconduct, since it discloses a purpose to keep before the jury the assumption of damaging facts not proven.

The trusty in question first testified that he looked in Cell 12, where the defendants were confined, and saw them kissing each other. He was then asked, ''What did you do?'' He replied, ''I turned to leave and I heard someone say from that general direction that, 'We can have sexual intercourse all night.' '' Counsel for appellant made the objection, ''He has to identify.'' In response to other questions the witness then testified that he had turned around on his way to get another trusty; that the statement came from the general direction of Cell 12; that Cell 12 was the end cell and the four cells next to it were not occupied; and that the statement came from the lower block of cells and sounded like it was nearby. When asked if it could come from any cell except Cell 12, he replied: ''Possibly. But the nearest one to them would be Cell 7 or the guys up above.'' On cross-examination he admitted that he was not positive that the statement came from Cell 12, but that it was his opinion that it came from that general direction. He was then finally led to say, ''I don't have any opinion.'' Counsel for the appellant then moved that all of this witness' ''remarks as to the conversation he heard'' be stricken from the record. This motion was granted and the court instructed the jury to ''disregard the statement that he states that he heard.''

No misconduct on the part of the district attorney appears in connection with his opening statement. The witness testi-

fied substantially to that effect, and the fact that the testimony was stricken does not indicate misconduct on the part of the district attorney. The record does not indicate that he tried to put in evidence which he knew to be inadmissible. As a matter of fact, some of this evidence could well have been left in, leaving its weight to the jury.

No error appears in the district attorney asking the defendant Rogers, on cross-examination, whether he remembered hearing any such statement made on that occasion. The statement heard by the other witness had been stricken because he was not positive that the statement had come from the cell occupied by the defendant, and this question was asked of Rogers in an effort to ascertain whether it did come from that cell. There was no improper motive in asking the question, so far as indicated by the record. The witness Rogers had testified as to what had occurred in that cell at the time, and the question asked of him was proper cross-examination. No objection was made to the question (*People* v. *Walker*, 88 Cal. App.2d 265 [198 P.2d 534]), and it cannot be said that the asking of the question constituted misconduct on the part of the district attorney. (*People* v. *Horowitz*, 70 Cal.App.2d 675 [161 P.2d 833].)

The only other point raised is that the court committed prejudicial error in permitting a police officer, over appellant's objection, to testify that he interviewed Hurst at the jail and that the defendant Hurst told him that he (Hurst) had been a homosexual all his life. It is argued that such a statement, indicating that he was of a lascivious nature or that he had theretofore indulged in such acts, was inadmissible, particularly relying on the case of *People* v. *Musumeci*, 133 Cal.App.2d 354 [284 P.2d 168]; and that this evidence was highly prejudicial since the jury would naturally assume that if a defendant had a tendency to commit this sort of a crime it was more likely that the crime had, in fact, been attempted.

This officer was asked if he had a conversation with the defendant Hurst, and he replied "I did." He was then asked to repeat that conversation. It was then brought out that Rogers was not present and an objection was made and sustained as to its application to the defendant Rogers. No objection was made as to the defendant Hurst. The witness was then asked to repeat the conversation and he replied: "I questioned Mr. Hurst also about the alleged act that had occured. I asked Mr. Hurst how long he had been a homosexual

and he stated that he had been one all his life. I asked him why the act had occurred that was alleged and after hesitation Mr. Hurst denied the act. Beyond that, all of it was general conversation." No further questions were asked of the witness and no motion to strike was made.

The case of *People* v. *Musumeci, supra,* is distinguishable on its facts. The defendant was there directly asked whether he was a sex pervert and whether his particular kind of perversion, which he had not been able to overcome, was not the kind involved in that case. Not only was an objection to the question overruled, but the matter was emphasized and the error enhanced by an instruction given the jury to the effect that the evidence was admitted solely to prove a criminal disposition or propensity on the part of the defendant, and for the purpose of having the jury consider whether or not a person of such nature and habits would be more likely to commit the act charged than some other person would be. Also in that case the evidence as a whole was weak and the testimony of the prosecuting witness was thoroughly impeached. In the instant case, the statement in question came in as a part of the conversation with the appellant, no objection was made, and the matter was not emphasized. In view of the evidence as a whole it would be unreasonable to believe that the statement thus made could have affected the result, and no reversible error appears within the meaning and intent of section 4½ of article VI of the Constitution.

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.